IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERMAINE WALKER, *et al.*,    )
                               )
               Plaintiffs,     )
                               )
v.                             )    Case No.: 17-2601-DDC-KGG
                               )
CORIZON HEALTH INC. f/k/a      )
CORRECTIONAL MEDICAL           )
SERVICES, *et al.*,            )
                               )
               Defendants.     )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel Discovery filed by Defendant Paul Corbier, M.D. (hereinafter "Defendant"). (Doc. 72.) Having reviewed the submissions of the parties, Defendant's motion is **GRANTED** as more fully set forth below.

## BACKGROUND

Plaintiffs are the surviving natural relatives of decedent Marques Davis. They bring the present case alleging deliberate indifference to his serious medical need and failure to provide medical care, failure to train, inadequate supervision, and wrongful death of Davis while he incarcerated at the Hutchinson, Kansas, Correctional Facility. (*See* Doc. 4.)

1

Defendant Corbier noticed depositions for Plaintiff Shermaine Walker and then-Plaintiff Erika Flowers for October 15-16, 2018.[1]  The notices included a Fed.R.Civ.P. 30(b)(2) request for document production.  (Docs. 50, 51.)  The Rule 30(b)(2) requests seek documents, including internet/online postings, audio/video recordings, photographs, text messages, and electronic communications, relating to the events in this lawsuit, Marques Davis, and/or the minor child I.D.F.  (Docs. 50, 51.)  Category 7, for instance, seeks "[c]opies of any written, recorded or electronic communications, including phone calls, text messages, emails or electronic chat messaging, in your possession or control which in any way relate to Marques Davis." (*Id.*)

Both Walker and Flowers testified that they never provided with Defendant's request for production.  (Doc. 73-1, at 2; Doc. 73-2, at 2.)  Counsel for the parties agreed that Plaintiffs' counsel would provide the documents after the conclusion of the depositions, which would be held open for further questioning if necessitated by the document production. (Doc. 73-1, at 3; Doc. 73-2, at 3.)

Defense counsel wrote Plaintiff's counsel on October 18, 2018, asking whether Plaintiffs' counsel would provide the documents before the November 1, 2018, and reminding Plaintiff's counsel of the November 16, 2018, deadline for Defendant to file a motion to compel.  (Doc. 73-3.)  Defendant received no

---

[1]  Flowers is the biological mother of Davis's surviving child, the minor Plaintiff I.D.F.

response to this communication.  Defendant thus files the present motion to compel.

Plaintiffs respond that at the time of the depositions, Ms. Walker and Ms. Flowers "testified that the only documents responsive to Defendant's Notice they would have in their possession might be letters or postcards to and from Marques Davis, photographs of Marques Davis and/or his daughter, Plaintiff I.D.F., and social media posts about Marques Davis."  (Doc. 75, at 1.)  Plaintiffs' counsel indicates that Walker and Flowers "have been unable to locate any letters or post cards to and from Marques," but will "gladly produce any such letters or postcards if and when they are discovered."  (*Id.*)  Further, Walker has provided screenshots containing photographs of Marques and/or I.D.F, which were "being concurrently delivered to counsel for defendants" at the time Plaintiffs filed their response.  (*Id.*, at 2.)  Plaintiff's counsel also agreed to provide any photographs provided by Flowers, who is no longer a party to this case.  (*Id.*)  Plaintiffs indicate that they provided their Facebook information to opposing counsel at their depositions.  Plaintiffs contend that because both Facebook profiles are "public," the information is equally accessible to Defendants.  (*Id.*)

Defendants' reply is concerned only with the issue of Facebook information, including private instant messaging on that social media platform.  (*See* Doc. 77.)

As such, the Court considers any other disputes to have been resolved between the parties.

In this context, Defendants contend

> Walker testified to having two Facebook accounts, one of which is referenced in Plaintiffs' response brief. Ms. Walker also testified to having a messenger function associated with the accounts, and that she had received information through the messenger program related to Marques Davis. This information is responsive to paragraph 7 of the deposition notice, and is not equally available.[2]
> In addition, Plaintiffs' public Facebook information may not contain the entirety of the responsive information. As demonstrated below, Facebook allows a user to exempt certain information from the public profile, while allowing that information to be seen by 'friends.'

(Doc. 77, at 2.) Defendants argue that they "cannot determine the totality of the responsive information by viewing the public profile, and Plaintiffs should be compelled to provide the entirety of the requested information." (*Id.*)

## ANALYSIS

### I. Legal Standards.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

---

[2] Category No. 7 seeks "[c]opies of any written, recorded or electronic communications, including phone calls, text messages, emails or electronic chat messaging, in your possession or control which in any way relate to Marques Davis." (Doc. 50, 51.)

4

> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Given the broad scope of relevancy in the discovery process, the Court finds that the social media activity at issue may lead to relevant information.  Further, the Court notes that Plaintiffs have raised no actual objection to providing this information.  (*See generally* Doc. 75.)  Rather, Plaintiffs merely state that "to the extent Defendant seeks information that can be found on Plaintiff Shermaine Walker and Ms. Flower's [sic] Facebook pages, Defendants have been provided identifying information for those public Facebook pages, and therefore have equal access to such information."  (Doc. 75, at 2.)

Defendants reply that "Walker testified to having two Facebook accounts, one of which is referenced in Plaintiffs' response brief."  (Doc. 77, at 2; Doc. 77-1, at 2.)  Defendants also point out that Walker testified to having a messenger

function associated with the accounts, and that she had received information through the messenger program related to Marques Davis. (Doc. 77-1, at 5.)

The Court finds that any of Ms. Walker's Facebook messenger communications, from any account she maintains, regarding Marques Davis or the events at issue in this case are relevant and discoverable. Further, to the extent either of Ms. Walker's Facebook and/or social media accounts have privacy settings limiting public access to her pages or postings, Defendant shall be provided with copies of any postings, whether publicly or privately posted, on any social media account, whether made *by* Walker or posted by someone else *on* her Facebook page(s), "which in any way relate to the matters involved in this lawsuit." This information shall be produced to Defendants **within thirty (30) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 72) is **GRANTED**. All supplemental responses, including responsive documents, shall be served by Defendant **within thirty (30) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 17th day of December, 2018, at Wichita, Kansas.

                           S/ KENNETH G. GALE
                           HON. KENNETH G. GALE
                           U.S. MAGISTRATE JUDGE