# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERMAINE WALKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 17-2601-DDC-KGG |
| | ) |
| CORIZON HEALTH INC. f/k/a | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is the Motion to Compel Discovery filed by Plaintiffs. (Doc. 76.) Having reviewed the submissions of the parties, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

Plaintiffs are the surviving natural relatives of decedent Marques Davis. They bring the present case alleging deliberate indifference to his serious medical need and failure to provide medical care, failure to train, inadequate supervision, and wrongful death of Davis while he incarcerated at the Hutchinson, Kansas, Correctional Facility. (*See* Doc. 4.)

In the present motion, Plaintiffs move the Court for an Order compelling Defendant Corizon Health, Inc. ("Defendant") "to produce the entirety of the

1

healthcare manuals requested in Plaintiffs' Second Request for Production." (Doc. 76, at 1.) The second set of Requests were served on September 25, 2018. (Doc. 76-1.) According to Plaintiffs, "[s]uch discovery sought specific manuals and/or policies and procedures that Defendant Corizon utilizes while rendering healthcare to inmates. These manuals and/or policies and procedures were identified through various indexes produced by Defendant in response to Plaintiffs First Request for Production." (*Id.*, at 2.)

Defendant's response to these discovery requests was served on October 31, 2018 (Doc. 76-2), but, according to Plaintiffs, did not include the entirety of the manuals Plaintiffs requested. (Doc. 76, at 3.) Defendant contends that Plaintiffs First Requests for Production, served in April 2018, included Requests for "these same policies …." (Doc. 79, at 2; Doc. 79-1.)

## ANALYSIS

**I.  Legal Standards.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

> scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. **Holick v. Burkhart**, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

## II.     Discovery Requests at Issue.

Plaintiffs contend that the manuals, policies, and procedures they seek "are the policies, procedures, rules, guidelines, etc. that Defendant utilizes when providing medical care to inmates. … [S]uch evidence as it relates to Defendant Corizon's medical care and treatment of inmates including, but not limited to[,] decedent … is required by law to prove a *Monell* claim for damages."

A *Monell* theory of liability exists when a plaintiff establishes

> (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation (i.e. that 'there is a direct causal link between the policy or custom and the injury alleged').

**Monell v. New York City Dept. of Soc. Servs**., 436 U.S. 658, 694-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also* **Bryson v. City of Okla. City**, 627 F.3d 784, 788 (10th Cir. 2010). Private entities acting under the color of law are also subject to *Monell* claims. **Dubbs v. Head Start, Inc.**, 336 F.3d 1194, at n.13 (10th Cir. 2003) (citations omitted). Plaintiffs argue that they "will be denied evidence that

they are required by law to present to support their claims against Defendant" if Defendant is "not … required to produce its manuals and policies and procedures … ." (Doc. 76, at 7-8.)  In this context, the Court will review the discovery requests at issue.

Request No. 1 sought "a full and complete copy of the 2015 Corizon NETS Manual," which Plaintiffs identified by bates number.  (Doc. 76-1, at 2.)  "This request includes, but is not limited to all of the NETs 2015 Titles (25) listed on the table of contents for the 2015 Corizon NETS Manual." (*Id.*)  That table of contents was also identified by bates number.

Defendant responded with the following:

> Objection, this request is over broad, burdensome, harassing in that the document request is redundant of previous requests, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, defendant states that it previously produced portions of this manner that were specifically requested by the plaintiffs in discovery including the following portions of the NETS Manual:
>
> Altered Mental Status
> Eyes
> GI (Gastrointestinal)
> GI (Genitourinary)
> Headache Musculoskeletal
> Return for Off-Site

(Doc. 76, at 3.)

Request No. 2 asks for "a full and complete copy of the Corizon Clinical Pathways that was in effect between June 2016 and May 2017," including certain "modules and subparts" identified by bates number.[1] (*Id.*, at 4.) Defendant objected that the request is "over broad, burdensome, harassing" as "redundant of previous requests" while seeking "documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) That stated, Defendant referred Plaintiffs to

> previously produced portions of this manner that were specifically requested by the plaintiffs in discovery including the following portions of the Corizon Clinical Pathways:
>
> Module I: Chronic Diseases
> Module II: Infectious Diseases
> Module III: Behavioral Health

(*Id.*)

Request No. 3 asked for "a full and complete copy of the Corizon Continuous Quality Improvement Program (CQI) Manual for January- June 2016," identified by bates pages.[2] (*Id.*) Defendant objected that the Request is "over broad, burdensome and not reasonably calculated to lead to the discovery of

---

[1] Plaintiffs' first Requests for Production also asked for "full and complete copies of all clinical pathways" in effect for this same time frame of June 2016-May 2017. (Doc. 79-1, at 8, Requests Nos. 22, 23.)
[2] Plaintiffs' first Requests for Production also asked for this manual, but sought the one in effect from June 2016-May 2017. (Doc. 79-1, at 6-7, Request No. 16.)

admissible evidence." That stated, Defendant referred Plaintiffs to the "previously produced … Table of Contents of its CQI Manual and requests plaintiffs to identify those portions they believe should be produced for the defendant's further consideration." (*Id.*)

Request No. 4 sought "a full and complete copy of the 2017 Corizon Utilization Manual," the cover of which was identified by bates number. Plaintiffs continued that the "request includes, but is not limited to[,] all chapters and subparts listed in the Corizon Utilization Manual table of contents," also identified by bates number.[3] (*Id.*) Defendant objects that the Request "is over broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the 2017 Corizon Utilization Manual is not relevant as it covers a time period subsequent to events that are the subject of this lawsuit." (*Id.*) Defendant continues that "pursuant to the agreed upon Protective Order, it has previously produced the Table of Contents of the 2015 Corizon Utilization Manual and requested Plaintiffs to identify those portions they believe should be produced for the defendant's further consideration." (*Id.*)

Finally, Request No. 5 asks Defendant to "[p]roduce a full and complete copy of the 2016 Corizon General Health Services Policies and Procedures

---

[3] Plaintiffs' first Requests for Production also asked for this manual, but sought the one in effect from June 2016-May 2017. (Doc. 79-1, at 7, Request No. 17.)

(Prison)," with the cover page identified by bates number. (*Id.*) Plaintiffs continue that the Request "includes, but is not limited to[,] all chapters and subparts listed in the 2016 Corizon General Health Services Policies and Procedures (Prison) table of contents," which is identified by bates number.

Defendant responds by objecting that the Request "is over broad, burdensome, harassing in that the document request is redundant of previous requests, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) That stated, Defendant indicates "that it previously produced portions of this manner that were specifically requested by the plaintiffs in discovery" and listed the following portions of the General Health Services Policies and Procedures it produced. (*Id.*, at 4-5.)

## III. Defendant's Arguments.

In response to Plaintiffs' motion, Defendant argues that the motion is time-barred under D. Kan. Rule 37.1, that Plaintiffs did not confer with opposing counsel before filing this discovery motion as required by D. Kan. Rule 37.2, and that Defendant's substantive objections are proper. (Doc. 79, at 1.) The Court will address these arguments individually.

### A. Plaintiffs' Motion is Timely Pursuant to D. Kan. Rule 37.1.

Defendant argues that the policies sought in Plaintiffs' Second Requests for Production are the "same" as those included in Plaintiffs' First Requests for

7

Production. Defendant contends that Plaintiffs allowed the time to expire under District Court Rule 37.1 to bring a motion to compel responses to the First Requests for Production "and simply re-served the requests in the Second Requests for Production of Documents in an improper attempt 're-set the clock' to seek to enforce the repetitious, overbroad and improper discovery requests." (Doc. 79, at 2.)

As noted by the Court in discussion of the specific Requests, above, only Request No. 2 clearly overlaps with one of those in the First Requests for Production. (*See* Doc. 76, at 4; Doc. 79-1, at 8, Requests Nos. 22, 23.) Even so, Request No. 2 differs from the first requests as it references the "modules and subparts" listed in the table of contents Defendant previously produced. The Court is not persuaded by Defendant's argument that Plaintiffs should have filed a motion to compel as to the first document requests rather than serve subsequent document requests after Defendant provided certain information and documents.

### B. Duty to Confer Pursuant to D. Kan. Rule 37.2.

Defendant next argues that Plaintiffs did not confer with defense counsel before filing this discovery motion as required by D. Kan. Rule 37.2. According to Defendant,

> [t]wo days prior to filing this motion, plaintiffs' counsel requested that all objections be withdrawn by [Defendant] and all policies be produced. The position of the defendant was quickly articulated to plaintiffs in a

> responsive email that day. (Exhibit C to plaintiffs'
> Motion). Additionally, [Defendant] extended an offer to
> further work out an agreement to avoid this motion
> altogether in that response. However, the motion was
> filed without further efforts to meet and confer.

(Doc. 79, at 4.)

"Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere." **Banks v. St. Francis Health Ctr., Inc.**, 2015 WL 7451174, *2 (D. Kan. Nov. 23, 2015) (citation omitted). A "[r]easonable effort to confer requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." **Blair v. Transam Trucking**, 09-2443-EFM-KGG, 2016 WL 7117182, at *6 (D. Kan. Dec. 7, 2016) (citation omitted).

> The conference mandate of 'reasonable efforts to confer'
> requires 'more than mailing or faxing a letter to the
> opposing party.' D. Kan. Rule. 37.2. It follows, then,
> that the rule also requires more than exchanging e-mail.
> Rather, the parties must 'in good faith converse, confer,
> compare views, and consult and deliberate or in good
> faith attempt to do so.' '[The parties] must make genuine
> efforts to resolve the dispute by determining precisely
> what the requesting party is actually seeking; what
> responsive documents or information the discovery party
> is reasonably capable of producing, and what specific,
> genuine objections or other issues, if any, cannot be
> resolved without judicial intervention.'

***Heglet v. City of Hays***, Kan., 2014 WL 2865996, at *2 (D. Kan. June 24, 2014) (internal citations omitted).

It is undisputed that Plaintiffs' counsel communicated with defense counsel prior to filing the present motion. (Doc. 76-3, at 2-3.) This simple exchange of e-mails, however, typically would not be sufficient to comply with D. Kan. Rule 37.2. It is also undisputed, however, that the parties had engaged in additional communication regarding the production of various policies and manuals in the context of Plaintiffs' First Requests for Production, which, according to Defendant, were simply regurgitated in Plaintiffs' Second Requests.

Given this context, the Court finds that Plaintiffs' overall efforts to confer were sufficient. Further, "[d]espite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances." ***Stephenson v. Young***, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *2 (D. Kan. Nov. 29, 2010) (citation omitted). The Court finds that Plaintiffs' motion should be determined on its substantive merits. The Court **overrules** Defendant's D. Kan. Rule 37.2 objection.

C.   **Substantive Objections.**

On a general level, Defendant objects that the document requests are overbroad "and seek the production of documents that are not properly

discoverable." (Doc. 79, at 5.) Defendant acknowledges that Plaintiffs' *Monell* claim requires them to "show that the moving force behind the alleged constitutional deprivations was the result of inadequate policies, procedures, and customs that lead to unconstitutional care being provided" to the decedent. (*Id*.) Defendant contends that, to do so, "this requires that the policies that plaintiffs allege are constitutionally inadequate are directly related to the care issues involving" decedent. (*Id*.) As such, Defendant argues that "policies on issues unrelated to issues raised in this case have no causal connection to the plaintiffs' claims in this matter, are irrelevant, and are not otherwise reasonably calculated to lead to the discovery of admissible evidence." (*Id*.)

Defendant states that policies that are relevant or may relate to whether health personnel failed to properly assess Mr. Davis health condition and failed to recognize and/or treat his infection "are discoverable and have been produced in discovery." (*Id*.) Even so, Defendant contends that Plaintiffs "seek the production of [its] policies at the Kansas Department of Corrections on virtually any topic, whether related to any issue in this case or not, simply because they have asked for them." (*Id*., at 2.) Defendant points out that it "has produced the table of contents of various other policy manuals and requested plaintiffs to identify the policies in these additional manuals which plaintiffs believe should be produced." (*Id*., at 7.) According to Defendant, however, "[r]ather than focusing the request on properly

11

discoverable documents, plaintiffs have chosen to file this motion to seek the production of all policies regardless of topic, relevance, or whether the policy would be reasonably calculated to lead to the discovery of admissible evidence." (*Id*.)  Even so, Defendant contends it is still willing to "continue to work with plaintiffs in further cooperation in discovery," making this motion "unnecessary." (*Id*.)

Plaintiffs reply that "[t]he manuals and policies and procedures sought by Plaintiffs are the policies, procedures, rules, guidelines, etc. that Defendant utilizes when providing medical care to inmates." (Doc. 87, at 7.)  This, according to Plaintiffs, means the evidence "as it relates to Defendant['s] … medical care and treatment of inmates including, but not limited to[,] decedent Marques Davis is required by law to prove a ***Monell*** claim for damages." (*Id*.)  Plaintiffs continue by arguing that if Defendant is not required to produce its manuals, policies, and procedures,

> Plaintiffs will be denied evidence that they are required
> by law to present to support their claims against
> Defendant Corizon.  Therefore, Plaintiffs seek to compel
> the production of Defendant's manuals and policies and
> procedures so that this case may be decided on its merits.

(*Id*.)

The Court finds that Plaintiffs' document requests – all of which generally relate to patient care provided by Defendant – are facially relevant to Plaintiffs'

claims in this lawsuit which also relate to patient care. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" the claim or defense of any party. ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

***Duffy v. Lawrence Memorial Hospital***, No. 14-2256-SAC-TJJ, 2017 WL 495980, at *3 (D. Kan. Feb. 7, 2017) (citing ***Gen. Elec. Cap. Corp. v. Lear Corp.***, 215 F.R.D. 637, 640 (D. Kan. 2003)). The Court finds Defendant has failed to establish that the disputed sections of the manuals are irrelevant or of such marginal relevance so as to outweigh the presumption of broad disclosure, particularly when Defendant concedes that large portions of the manuals are discoverable. The Court finds that the manuals are, as a whole, discoverable.

The Court thus **GRANTS** Plaintiff's Motion to Compel. (Doc. 76.) Defendant is instructed to produce the requested documents **within thirty (30) days of the date of this Order**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 76) is **GRANTED**.

IT IS SO ORDERED.

Dated this 10th day of January, 2019, at Wichita, Kansas.

                                 s/ KENNETH G. GALE
                                 HON. KENNETH G. GALE
                                 U.S. MAGISTRATE JUDGE