IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERMAINE WALKER, individually
and as administrator of the estate of
Marques Davis, deceased, et al.,

      **Plaintiffs,**

v.

CORIZON HEALTH, INC., formerly
known as Correctional Medical
Services, et al.,

      **Defendants.**

Case No. 17-2601-DDC-KGG

## MEMORANDUM AND ORDER

Consistent with the mandate of the United States Court of Appeals for the Tenth Circuit in Case Number 19-3070 (Doc. 128),[1] the court reverses the portion of its Order (Doc. 100) that denied defendant Sohaib Mohiuddin, M.D.'s Motion to Dismiss plaintiff's 42 U.S.C. § 1983 claim (Count IV) for failing to state a plausible deliberate indifference claim to defeat Dr. Mohiuddin's qualified immunity defense. Following the Tenth Circuit's guidance, the court holds that "the conclusory and nonspecific allegations set out in the complaint" fail to state "a viable Eighth Amendment deliberate indifference claim against [Dr. Mohiuddin]" to "overcome an assertion of qualified immunity at the motion-to-dismiss stage." *Walker v. Mohiuddin*, __ F.3d __, No. 19-3070, 2020 WL 242420, at *3, *4 (10th Cir. Jan. 14, 2020). The court thus dismisses the § 1983 claim (Count IV) against Dr. Mohiuddin under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.

---

[1] On May 20, 2019, the court stayed the case pending the appeal to the Tenth Circuit. Doc. 123. To the extent the Tenth Circuit's mandate did not already lift the stay, the court lifts it by this Order.

But, Dr. Mohiuddin remains a defendant in the case. The court denied Dr. Mohiuddin's motion to dismiss the other claims asserted against him—*i.e.*, Count V (negligence/wrongful death) and Count VI (negligence/survival claim). *See* Doc. 100 at 14–15, 22–24 (denying motion to dismiss plaintiff I.D.F.'s wrongful death claim (Count V) and denying motion to dismiss both plaintiffs' survival claim (Count IV)). These rulings were not at issue in the appeal to the Tenth Circuit. *See generally Walker*, 2020 WL 242420. And, Dr. Mohiuddin's qualified immunity defense does not apply to these claims because he asserts them under state law. *See Eidson v. Owens*, 515 F.3d 1139, 1145 (10th Cir. 2008) (holding that "[q]ualified immunity does not, however, apply to the [plaintiff's] malpractice claim" because "qualified immunity 'protects an official from liability under federal causes of action but is not generally understood to protect officials from claims based on state law'" (quoting *Jenkins v. City of New York*, 478 F.3d 76, 86 (2d Cir. 2007)); *see also P.S. ex rel. Nelson v. The Farm, Inc.*, 658 F. Supp. 2d 1281, 1294 (D. Kan. 2009) (noting that "under the governing Tenth Circuit law, qualified immunity does not apply to claims asserted under state law").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Sohaib Mohiuddin, M.D.'s Motion to Dismiss (Doc. 41) is granted in part under Federal Rule of Civil Procedure 12(b)(6) for failing to state a viable § 1983 claim in Count IV claim.[2] The motion also is denied in part to the extent it seeks to dismiss the state law claims asserted against Dr. Mohiuddin in Counts V and VI, for the reasons explained in the court's previous Order (Doc. 100).

---

[2] When Dr. Mohiuddin moved to dismiss the Complaint, plaintiff never asked to amend to supplement his § 1983 allegations against Dr. Mohiuddin. No such motion is pending now, so this Order does not consider whether the Circuit's holding would permit plaintiff to cure his pleading deficiencies with an amended pleading.

**IT IS FURTHER ORDERED THAT**, on or before **February 21, 2020,** the parties are directed to contact Magistrate Judge Kenneth G. Gale about implementing a revised scheduling order to govern the case after the Tenth Circuit's remand.

**IT IS FURTHER ORDERED THAT** the stay imposed on May 20, 2019 is lifted.

**IT IS SO ORDERED.**

**Dated this 11th day of February, 2020, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**