## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHERMAINE WALKER, *et al.*,       )
                                  )
                    Plaintiffs,   )
                                  )
v.                                )       Case No.: 17-2601-DDC-KGG
                                  )
CORIZON HEALTH INC. f/k/a         )
CORRECTIONAL MEDICAL              )
SERVICES, *et al.*,               )
                                  )
                    Defendants.   )
_____ )

## MEMORANDUM & ORDER ON MOTION TO AMEND

Now before the Court is Defendants' Motion to Stay Discovery and All Proceedings. (Doc. 141.) Having reviewed the submissions of the parties, Plaintiffs' motion is **DENIED**.

## BACKGROUND

Plaintiffs are the surviving natural relatives of decedent Marques Davis. They bring the present case alleging deliberate indifference to his serious medical need and failure to provide medical care, failure to train, inadequate supervision, and wrongful death of Davis while he incarcerated at the Hutchinson, Kansas, Correctional Facility. (*See* Doc. 4.)

The District Court previously denied defendant Sohaib Mohiuddin, M.D.'s Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim (Count IV) for failing to state

1

a plausible deliberate indifference claim to defeat Dr. Mohiuddin's qualified immunity defense. (Doc. 100.) That ruling resulted in an interlocutory appeal by Dr. Mohiuddin to the Tenth Circuit Court of Appeals (Doc. 108), wherein the District Court's determination was overruled and the case was remanded from the Tenth Circuit. (Doc. 128.) Thereafter, the District Court entered an Order consistent with the Tenth Circuit's mandate and dismissed the § 1983 claim (Count IV) against Dr. Mohiuddin under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. (Doc. 130.) Other state law claims against Dr. Mohiuddin remain, and the order does not dispose of other defendants.

The parties participated in a telephone status conference with the undersigned Magistrate Judge on February 25, 2020, wherein Plaintiffs indicated the intent to move for leave to amend their complaint. That motion was filed on March 11, 2020, and is currently pending before the District Court. (Doc. 133.)

Also during the February 25, 2020, telephone status conference, Defendants stated they intended to move to stay of the proceedings. (Doc. 132.) This resulted in the present motion, which was filed by Defendants on March 27, 2020. (Doc. 141.) Defendants move the Court for an Order staying discovery and all pre-trial proceedings "until finalization of the operative pleadings in this matter and determination of jurisdictional issues resulting from the finalization of the operative pleadings in this matter… ." (Doc. 142, at 6.) Defendants state that they

"intend to assert qualified immunity as to the constitutional claims made pursuant to 42 U.S.C. § 1983, but the procedural method for doing so will likely be determined by the Court's ruling on Plaintiff's motion for leave to amend." (*Id.*, at 3.)  The Court notes that no dispositive motions are currently pending.

## ANALYSIS

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).  That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  *McCoy*, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome." *Toney*, 2018 WL 5830398, at *1.  *See also Citizens for Objective*

3

*Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119–KHV, 2013 WL

6728323, *1 (D. Kan. Dec.19, 2013); *see also* **Kutilek v. Gannon**, 132 F.R.D. 296,

297–98 (D. Kan. 1990).  Also, a stay is appropriate when the party requesting it

has filed a dispositive motion asserting absolute or qualified immunity.  *Toney*,

2018 WL 5830398, at *2.

Defendants argue that Plaintiffs have "failed to plead constitutional theories

against the individual Defendants with sufficient specificity to state a claim for

relief."  (Doc. 142, at 4.)  Defendants continue that

> [r]ather than seeking to amend the claims and to specify
> the allegations against Defendant Sohaib Mohiuddin,
> M.D., Plaintiffs rested on the allegations when
> challenged by the motion to dismiss.  The Tenth Circuit
> found Plaintiffs' allegations to be inadequate and after
> remand, this court has now dismissed the section 1983
> claims against Defendant Sohaib Mohiuddin, M.D.  The
> inadequacies stated against Dr. Mohiuddin apply equally
> to the other individually named Defendants in the
> Plaintiffs' operative complaint and are now subject to
> dismissal – which would leave only state law claims
> against these Defendants.  Depending on the Court's
> ruling as to Plaintiff's motion for leave to amend the
> complaint, Defendants will expeditiously raise the
> qualified immunity defense in either a Fed.R.Civ.P.
> 12(b)(6) motion to dismiss, or in a motion for summary
> judgment pursuant to Fed. R. Civ. P. 56.

(*Id*., at 4-5.)  Further, according to Defendants, "[s]taying the proceedings pending

the determination of the final state of the operative complaint and whether this

court will even ultimately have jurisdiction … is fully appropriate and would be a

proper exercise of this Court's discretion and consistent with the policy of" judicial economy.  (*Id.*, at 5.)

Plaintiffs respond that Defendants have failed to argue the "necessity" of a stay, but merely discuss why a stay would be "appropriate."  (Doc. 143, at 1.)

> Defendants first argue that it is appropriate to stay the case because it will 'inevitably be dismissed.'  This reasoning is without merit and fails to demonstrate any necessity to stay the case.  Even if Defendants are correct in their assumption that the case will inevitably be dismissed, Plaintiffs still have the right to proceed to court.  As such, Plaintiffs should be allowed to exercise their rights to proceed to court, and Defendants' Motion should be denied.

(*Id.*, at 2.)

The Court acknowledges Defendants' position that the case will "inevitably" be dismissed.  That stated, the applicable case law discusses staying discovery when there is a pending motion to dismiss, particularly one raising a qualified immunity defense.  ***Toney***, 2018 WL 5830398, at *2.  While Defendants have stated their intention to potentially move to dismiss based on this defense, the fact remains that no dispositive motion is pending in this case.  Rather, the motion pending before the District Court is Plaintiff's Motion to Amend.  There is also no procedural vehicle currently on file to eliminate the state law claims.  The discovery needed in this case will cover the claims not currently under attack as well as those which are the subject of the pending motion to amend.  The Court

sees no reason to issue a general stay such as the one just lifted by the District Court (Doc. 130).  The Court **DENIES** Defendants' Motion to Stay (Doc. 141).[1]

      **IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery and All Proceedings (Doc. 141) is **DENIED**.

      IT IS SO ORDERED.

      Dated this 23rd day of April, 2020, at Wichita, Kansas.

                  s/ Kenneth G. Gale
                  HON. KENNETH G. GALE
                  U.S. MAGISTRATE JUDGE

---

[1]  Given this ruling, the Court need not address Defendants' argument that no party will be prejudiced by a stay given current events relating to the COVID-19 pandemic.  (Doc. 142, at 6.)