IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERMANE WALKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-2601-DDC-KGG |
| | ) |
| CORIZON HEALTH, INC. f/k/a | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER ON MOTION FOR LEAVE TO DEPOSE NEWLY DISCLOSED 'K.U.' MEDICAL WITNESS MARGARET SMITH, M.D. THAT DEFENDANTS CLAIM 'REVIEWED' MARQUES DAVIS' CARE**

Now before the Court is Plaintiffs' motion for leave to depose a newly disclosed University of Kansas ("KU") medical witness Margaret Smith, M.D., and any other personnel that were involved in an outside review of the medical records of Marques Davis or involved with Mr. Davis' medical treatment provided by Corizon Health, Inc. prior to his death in April 2017 (Doc. 175). The Defendants jointly oppose the motion (Doc. 178) alleging that it has no factual or legal merit. Having reviewed the submissions of the parties, the Court **GRANTS** the Plaintiffs' motion.

I. **Background**

The Plaintiffs' second amended complaint alleges that Marques Davis was denied meaningful medical treatment while incarcerated at Hutchinson Correctional Facility.

1

(Doc. 148). The original complaint (Doc. 1) was filed on October 16, 2017 and the initial disclosures were made on March 18, 2018, where Defendants disclosed 90 witnesses (Doc. 175, at 2). During mediation, on June 24, 2018, the Plaintiffs allege that they learned medical care provided to Mr. Davis was reviewed by KU medical providers. They claim that this was new information, and no disclosure was made of such a review or the individuals who conducted the review. On July 3, 2021, Defendants filed their Supplemental Initial Disclosures. (Doc. 175-1; Doc. 175-2). They identified Margaret Smith, M.D. with University of Kansas Physicians, Inc. and added that "Dr. Smith may have information regarding a care review performed in February 2017." (Doc. 175-1, at 12; *see also* Doc. 175-2, at 10). The supplemental disclosure was made six weeks before the discovery deadline on August 13, 2021. (Doc. 155). In response to the supplemental disclosures, the Plaintiffs requested to depose Dr. Smith and filed the present motion on August 30, 2021. (Doc. 175).

## II. Analysis

The Defendants oppose the motion alleging that no good cause exists to modify the scheduling order and the discovery sought is not proportional to the needs of the case.

### A. Modification of the Scheduling Order

Since the motion requesting leave was filed after the close of discovery, the Plaintiffs must show "excusable neglect" for the Court to consider the merits of the motion. D. Kan. Rule 6.1(a)(4). A finding of excusable neglect is an equitable determination that considers all of the relevant circumstances. *Hale v. Emporia State*

*Univ.*, No. 16-cv-4182-DDC, 2018 U.S. Dist. LEXIS 39409, at *2 (D. Kan. Mar. 9, 2018). Here, Plaintiffs contend that the neglect is excusable because the disclosure of Dr. Smith was not listed separately or listed in a way to bring attention to it. (Doc. 190, at 4). The Court does understand how it may be difficult to recognize the changes to the disclosures when they are presented in a non-redline format or in a way that does not highlight the supplements or changes being made to the original. Moreover, the supplemental disclosures were made weeks before the close of discovery; so, the time to spot such changes was limited. For those reasons, the Court finds the neglect to be excusable and will consider the merits of the motion.

The Plaintiffs must establish "good cause" to revise the scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. *Parker v. Cent. Kansas Med. Ctr.*, 178 F.Supp.2d 1205, 1210 (D. Kan. 2001); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' *In re Daviscourt*, 353 B.R. 674, (B.A.P. 10th Cir. 2006) (citing *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010). Further, since discovery must be reopened, the Court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the

3

> court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). It is well-established in this District that motions to modify a scheduling order focus "on the diligence of the party seeking to modify the scheduling order." *Id.* (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007) (internal citations omitted)).

To show due diligence, Plaintiffs point to the several interrogatories and requests for production ("RFP") they served on Defendants. The interrogatories and RFPs were aimed at obtaining information regarding the care of Mr. Davis. (Doc. 175, at 3–6). Dr. Smith was identified by Defendants on July 3, 2021 through their supplemental disclosures and Plaintiffs contacted Defendants about the inclusion of Dr. Smith on July 23, 2021 and requested a deposition on August 23, 2021. (Doc. 178, at 3). Defendants argue that there was an undue delay in responding to the supplemental disclosures as well as a delay in requesting the deposition of Dr. Smith.

As Plaintiffs have pointed out, the moving party must show that the deadline could not have been met even with due diligence. *Kincaid Coach Lines, Inc. v. Transarctic of North Carolina, Inc.*, No. 17-2388-DDC-KGS, 2018 WL 3156801, at *3 (D. Kan. June 28, 2018). And they contend that scheduling and conducting a deposition when the close of discovery is 40 days away is unreasonable. The further provide that they also had a jury trial during that 40-day period which would have added more scheduling complications, while Defendants argue that the inability to conduct a deposition is without merit.

The Court disagrees with Defendants. They provided new information in their supplemental disclosures 40-days before the close of discovery. It foreseeably took time to review the supplements, decide on a discovery plan going forward, and then schedule and conduct depositions.

Defendants additionally object on the basis that Plaintiffs already knew about the witnesses they are seeking to depose. (Doc. 178, at 4). They contend that it is public knowledge that the Kansas Department of Corrections ("KDOC") contracts with KU Medical Center ("KUMC") to conduct clinical reviews of care and audits. And Defendants receive feedback from KUMC regarding adjustments to the care plan that could be made. And they argue that Plaintiffs received notice of these reviews. Indeed, there are several references to KUMC conducting outside reviews. For instance, in Defendants' expert report, they reference that the standard of care was followed, in part, due to "outside review from the University of Kansas faculty." It further notes details regarding the outside care review. (Doc. 193, at 2–3). Plaintiffs claim they did not know the KUMC review constituted an investigation into the quality of care rendered to Mr. Davis.

Even if Plaintiffs could have been more observant, this does not deprive them of the opportunity to explore new information. Dr. Smith's name does not appear in the expert's report or anywhere in the interrogatories or RFPs. Dr. Smith's name was not attached to something that would make apparent her role in Mr. Davis' case. Moreover, the Defendants have not shown how they will be unduly prejudiced by conducting the deposition. There does not appear to be a significant burden in allowing Defendants to

conduct a deposition of the witness that was recently identified in supplemental disclosures. However, the Court does recognize that the request to conduct the deposition is open-ended and not limited to a single witness. The Court rejects the open-ended nature of the request and limits Plaintiffs' ability to depose to a single witness pertaining to the care reviews conducted by KUMC.

Lastly, Defendants object that the opportunity to depose the witness would be irrelevant and not proportional to the needs of the case. (Doc. 178, at 12). Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Here, Defendants do not intend to use Dr. Smith at trial, but rather wish to use the document she signed as evidence to establish Dr. Corbier's state of mind. The Court does not agree that the deposition is irrelevant or not proportional just because Defendants do not plan to use her as a witness at trial. There appears to be a dispute regarding the extent of the review that took place and the level of oversight provided by Dr. Smith. So, a deposition could produce relevant information that may affect the value of the evidence offered at trial. Therefore, the Defendant's objection **overruled.**

The Plaintiffs are therefore **GRANTED** leave to depose a single witness regarding the KUMC case review of Mr. Davis' case.

**IT IS SO ORDERED.**

Dated October 19, 2021

/S Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge
