IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERMAINE WALKER, individually and as administrator of the estate of Marques Davis, deceased, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CORIZON HEALTH, INC., formerly known as Correctional Medical Services, et al.,**<br><br>**Defendants.** | Case No. 17-2601-DDC-KGG |

**MEMORANDUM AND ORDER**

This lawsuit arises out of the death of Marques Davis. At his death, Mr. Davis was an inmate in the custody of the Kansas Department of Corrections and housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiffs Shermaine Walker (as administrator of Mr. Davis's estate) and I.D.F. (as a minor and heir at law of Mr. Davis) bring this lawsuit. They assert claims under 42 U.S.C. § 1983 and Kansas common law against Corizon Health, Inc. ("Corizon")[1] and Dr. Paul Corbier.

---

[1] Plaintiffs' Second Amended Complaint names this defendant as "Corizon Health, Inc. ('Corizon'), f/k/a Correctional Medical Services ('CMS') and alternately known as Corizon, L.L.C." Doc. 148-2 at 5 (Second Am. Compl. ¶ 12). Corizon LLC filed an Answer to the Second Amended Complaint asserting that it is "incorrectly named as 'Corizon Health, Inc.'" Doc. 151 at 1. The case's caption still refers to this defendant as "Corizon Health, Inc." And, the Pretrial Order refers to this defendant both as "Corizon, LLC" and "Corizon Health, Inc." *Compare* Doc. 196 at 12 (Pretrial Order ¶ 4.a.1.A.) (asserting claims under 42 U.S.C. § 1983 against "Defendants Corizon, LLC[ ] and Paul Corbier, M.D.") *with id.* at 18 (Pretrial Order ¶ 4.a.2.A.) (asserting "Kansas state law claim for wrongful death against Defendant Corizon Health, Inc.").

Fortunately, plaintiffs premise subject matter jurisdiction on federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 & 1367. So, the premise contours of this defendant's corporate form don't present jurisdictional concerns. For simplicity, this Order refers to this defendant as "Corizon."

Both defendants have filed Motions to Strike (Docs. 180 & 183). Their motions ask the court to strike certain damages claims that plaintiffs assert in the Pretrial Order (Doc. 196).[2] They argue that plaintiffs violated Federal Rule of Civil Procedure 26(a)(1)(A)(iii) by failing to disclose "a computation of each category of damages" that plaintiffs now assert in the Pretrial Order. Thus, defendants argue, the court should strike certain damages claims that plaintiffs assert for failing to disclose them as Rule 26(a)(1)(A)(iii) requires.

For reasons explained below, the court grants both motions. Under Rule 37, the court excludes plaintiffs' damages claims that surpass the damages disclosed in their initial Rule 26(a)(1)(A)(iii) disclosures. Specifically, the court precludes plaintiffs from seeking any damages other than (1) funeral expenses, and (2) non-economic damages in an unspecified amount. The court limits plaintiffs' damages to these two categories because those two are the only damages that plaintiffs timely disclosed in their Rule 26 disclosures.

## I. Factual and Procedural Background

On October 16, 2017, plaintiffs filed this lawsuit. Doc. 1. On March 28, 2018, plaintiffs served their initial disclosures. Doc. 181-1; Doc. 183-2. Plaintiffs' initial disclosures identified the following damages:

> Pursuant to Rule 26 (a)(l)[(A)(iii)], Plaintiffs will produce the following supporting documentation for the following calculation of damages claimed:
>     a. Funeral Expenses from Bethea Funeral Home;
>     b. Plaintiffs seek non-economic damages in an unspecified amount.

Doc. 181-1 at 5; Doc. 183-2 at 5.

On November 19, 2018, Corizon served interrogatories on plaintiffs. Doc. 74 at 1. One of Corizon's interrogatories asked for "an itemized statement of all monetary loss(es), expenses,

---

[2] Defendant Corizon has filed a Motion to Strike, or Alternatively, for Partial Summary Judgment. Doc. 183.

or costs, including, but not limited to," a specific list of seven damages categories. Doc. 183-3 at 3–4. Plaintiffs responded to that interrogatory by objecting to the request for "a statement of monetary damages" because it is "beyond that required by statute and by the Rules of Civil Procedure." *Id.* at 4. Subject to the objections, plaintiffs provided the following response to that interrogatory:

> Plaintiff is seeking actual damages in the amount of $20,000,000.00 and punitive damages in the amount of $150,000,000.00. Plaintiff is not making a claim for future medical expenses or future loss of earnings as Plaintiff's son has died as a result of the wrongdoing of the Defendants in this matter.

*Id.* The interrogatory response didn't include a computation or itemized statement of damages. *Id.*

On March 27, 2019, plaintiffs supplemented their interrogatory answers, but the supplement merely provided the same information contained in response to the interrogatory seeking plaintiffs' damages. *See* Doc. 183-4 at 30–31 ("Plaintiff is seeking actual damages in the amount of $20,000,000.00 and punitive damages in the amount of $150,000,000.00."). Also, plaintiffs withdrew their objections to this interrogatory. *Id.* (omitting objections that plaintiffs asserted in original responses).

On April 22, 2019, Dr. Corbier's counsel wrote a letter to plaintiffs' counsel, asking plaintiffs to supplement their Rule 26(a) disclosures. Doc. 183-5 at 1. Specifically, Dr. Corbier's counsel informed plaintiffs' counsel that plaintiffs "did not include a computation of damages as required under subsection (iii)" of Rule 26. *Id.* Dr. Corbier's counsel asked plaintiffs to provide the information by April 29, 2019. *Id.*

On May 13, 2019, Dr. Corbier's counsel sent an email to plaintiffs' counsel, asking plaintiffs' counsel when they were "going to send over a supplemental Rule 26(a)(1)(A)(iii) computation of damages?" Doc. 183-6 at 1.

On July 6, 2020, the court entered a Revised Scheduling Order that, among other deadlines, scheduled the close of discovery for August 13, 2021. Doc. 155 at 3, 11. Plaintiffs never supplemented their Rule 26 disclosures during the discovery period. After defendants filed their Motions to Strike, plaintiffs filed a "Motion for Leave to Serve Second Supplemental Rule 26(a)(1) Disclosures Out of Time." Doc. 184. Plaintiffs attached their Second Supplemental Disclosures to their motion. Doc. 184-1. The Second Supplemental Disclosures made the following disclosure about damages:

**D. Computation of damages:**

127. Funeral Expenses from Bethea Funeral Home;

128. Plaintiffs seek non-economic damages in the sum of $20 million. This sum has been previously identified in EACH of Plaintiffs' Answers to Interrogatories #6 & #7 served on December 19, 2018, and yet again on Supplemental Discovery responses of April 16, 2019.

129. These non-economic damages include the conscious pain, suffering and anguish of Marques Davis up to and including the time of his death. These damages are sometimes referred to as survival damages.

130. These non-economic damages include all damages allowed to be recovered for the death and deprivation of life of Marques Davis to Plaintiffs. This includes all damages for the deprivation of the constitutional right to life under 1983 as well as under the common law. This also includes damages for mental anguish, suffering and bereavement, loss of society, companionship, comfort and protection; loss of marital care, attention, advice or counsel; loss of filial care or attention and loss of parental care, training[,] guidance and education.

131. As stated above, Plaintiffs seek punitive or exemplary damages against Defendants in the sum of $150 million[.]

*Id.* at 25.

On October 20, 2021, Magistrate Judge Kenneth G. Gale denied the motion in the following text order:

> ORDER denying 184 Motion for Leave to File Out of Time.  Plaintiffs have filed a motion for leave to serve Rule 26(e)(1)(B) supplemental disclosures out of time.  The Court interprets Plaintiffs' motion as a motion to extend the deadline for those disclosures.  Plaintiffs concede that the motion is filed, and the disclosures were made, after the deadline.  Plaintiffs have not shown good cause to extend the deadline under Rule 16(b)(4).  Therefore, the motion to extend the deadline is DENIED.  The Plaintiffs have provided the disclosures to the Defendants out of time.  The consequence, if any, of the late disclosures is an issue for resolution by the trial judge and is, in part, the subject of Defendants' Motion to Strike Certain Damages Claims (Doc. 183) pending before the trial judge.

Doc. 206.

When the parties drafted their proposed Pretrial Order, plaintiffs asserted a claim for "compensatory damages in the sum of $10,000,000" but without itemizing the damages claimed.  Doc. 196 at 28 (Pretrial Order ¶ 5.a.).  Also, plaintiffs asserted a claim for "[p]unitive damages . . . in the sum of $75,000,000."  *Id.* (Pretrial Order ¶ 5.b.).

The final version of the Pretrial Order contains these damages claims.  *Id.* at 28–29 (Pretrial Order ¶ 5).  Also, the Pretrial Order notes several objections that defendants assert to plaintiffs' damages claims, including an objection based on plaintiffs' failure to disclose the damages claims in a timely fashion, as Rule 26 requires.  *Id.*  Judge Gale overruled defendants' objections, allowing plaintiffs to assert the damages claims in the Pretrial Order but reserving the merits of those objections for the district judge to resolve at trial or upon appropriate motion.  *Id.* at 29 (Pretrial Order ¶ 5).

## II.     Governing Legal Standard

Rule 26(a)(1)(A) requires that "a party must, without awaiting a discovery request, provide to the other parties" certain categories of information about witnesses and documents that a party may use to support its claims or defenses in a lawsuit, as well as information about

5

the damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A). Specifically, for damages claims, Rule 26(a)(1) requires a party to disclose:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Generally, Rule 26(a)(1) entitles a defendant "to a specific computation of a plaintiff's damages." *Isom v. Midwest Div.–OPRMC, LLC*, No. 13-2602-RDR, 2014 WL 3541842, at *3 (D. Kan. July 17, 2014). "Notwithstanding this principle, '[c]ourts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii).'" *Id.* (quoting *Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *10 (D. Kan. Nov. 22, 2010)). But, a "party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

"The main purpose of Rule 26(a)(1) disclosures 'is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.'" *Isom*, 2014 WL 3541842, at *3 (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment). The advisory committee notes to Rule 26(a)(1) direct courts to apply the "disclosure requirements . . . with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish." Fed. R. Civ. P. 26(a)(1) advisory committee's note to 1993 amendment. Also, the advisory committee

6

notes instruct that "litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Id.*

Under Rule 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Also, under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 631 (10th Cir. 2008) ("The exclusion of evidence presented out of time is 'automatic and mandatory' unless the violation was either justified or harmless." (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))).

A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

**III.   Analysis**

Defendants ask the court to strike any damages claims that exceed the damages disclosed in plaintiffs' Rule 26(a)(1) initial disclosures. As discussed above, plaintiffs' initial disclosures claimed two types of damages: (1) "Funeral Expenses from Bethea Funeral Home;" and (2) "non-economic damages in an unspecified amount." Doc. 181-1 at 5; Doc. 183-2 at 5. It's

7

undisputed that plaintiffs never supplemented their initial disclosures, despite Rule 26's requirements and repeated requests from Dr. Corbier's counsel to do so. Based on this failure, defendants argue that the court should strike the damages claims plaintiffs now assert in the Pretrial Order. Specifically, defendants take issue with two types of damages that plaintiffs now seek in the Pretrial Order: (1) punitive damages, and (2) "compensatory damages in the sum of $10,000,000" with no itemization of the damages claimed. Doc. 196 at 28 (Pretrial Order ¶ 5). The court begins with plaintiffs' punitive damages claim.

### A. Punitive Damages

Plaintiffs concede that they won't seek a punitive damages claim against Dr. Corbier. Doc. 197 at 6. So, the court grants Dr. Corbier's request to strike any punitive damages claim against him.

But, for the punitive damages claim against Corizon, plaintiffs argue that they gave Corizon notice of that claim by seeking punitive damages in their Complaint and claiming punitive damages in an interrogatory response. But, the Complaint's allegations don't satisfy Rule 26's requirements. Indeed, other courts have found that a "general demand [for certain damages] in a complaint fails to satisfy the requirement of Rule 26(a) that plaintiff provide 'a computation of each category of damages claimed' and 'make available for inspection . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered.'" *IMIG, Inc. v. Omi Elec. Appliance Co.*, No. CV 16-628(AKT), 2020 WL 7078583, at *5 (E.D.N.Y. Nov. 30, 2020) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii) (further citations and quotation marks omitted)). And, plaintiffs' reliance on the Complaint's allegations and an interrogatory response to provide notice of their punitive damages claim concedes—in effect—that they never included a punitive

damages claim in their Rule 26 disclosures or supplemented their Rule 26 disclosures to include a punitive damages claim. So, the court finds, plaintiffs failed to comply with their obligations to disclose the punitive damages claim under Rule 26(a)(1)(A)(iii).

As a consequence, the court must decide the appropriate sanction for this failure. Rule 37(c)(1) instructs that the sanction for non-disclosure is that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). The party facing sanctions under Rule 37(c)(1) bears the burden to show that the failure to disclose was substantially justified or harmless. *See Hirpa v. IHC Hosps., Inc.*, 50 F. App'x 928, 932 (10th Cir. 2002); *see also Fish v. Kobach*, 309 F. Supp. 3d 1048, 1115 (D. Kan. 2018), *aff'd sub nom. Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020). Plaintiffs fail to meet their burden here.

Plaintiffs' Opposition to Corizon's Motion to Strike never argues that their failure to disclose their punitive damages claim under Rule 26 is substantially justified or harmless. *See generally* Doc. 198. Instead, plaintiffs' Opposition almost exclusively focuses on an argument that they had no obligation "to itemize any claims for damages dealing with emotional distress and suffering." *Id.* at 16. And indeed, that proposition is correct for plaintiffs' non-economic damages claim. *See Isom*, 2014 WL 3541842, at *3 ("[B]ecause emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)." (citation and internal quotation marks omitted)). But, plaintiffs never explain how this principle applies to their *punitive damages* claim. Because plaintiffs haven't shouldered their burden even to argue—much less show—that

their failure to disclose is substantially justified or harmless, the court excludes their punitive damages claim under Rule 37(c)(1) for failing to comply with Rule 26(a) and (e).

### B. Compensatory Damages

Now, the court turns to plaintiffs' compensatory damages claim. As already discussed, plaintiffs' Rule 26(a) initial disclosures asserted a claim for (1) "Funeral Expenses from Bethea Funeral Home;" and (2) "non-economic damages in an unspecified amount." Doc. 181-1 at 5; Doc. 183-2 at 5. Plaintiffs never supplemented these initial disclosures. Then, in the Pretrial Order, they asserted a claim for "compensatory damages in the sum of $10,000,000" with no itemization of the damages claimed. Doc. 196 at 28 (Pretrial Order ¶ 5.a.). Defendants argue that the court should preclude plaintiffs from claiming $10,000,000 in compensatory damages because plaintiff never disclosed this claim for damages under Rule 26.

In response to defendants' motions, plaintiffs "do not dispute that '[i]nitial disclosures should provide the parties with information essential to the proper litigation of all relevant facts and to eliminate surprise and promote settlement.'" Doc. 197 at 2 (quoting *Isom*, 2014 WL 3541842, at *3); *see also* Doc. 198 at 12 (quoting *Isom*, 2014 WL 3541842, at *3). But, plaintiffs argue, they are excused from this requirement because their non-economic damages for emotional distress aren't subject to the same itemization rules governing non-compensatory damages. Plaintiffs correctly cite the governing law. *See Isom*, 2014 WL 3541842, at *3 ("[B]ecause emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)." (citation and internal quotation marks omitted)). And, the court agrees that they needn't have provided an *itemized* computation of emotional distress damages in their Rule

10

26 disclosures. But, this conclusion doesn't mean plaintiffs can assert their specific $10,000,000 claim for compensatory damages when they never *disclosed* that amount to defendants under Rule 26.

Dr. Corbier cites a case from the District of New Mexico that the court finds particularly instructive and persuasive. Doc. 204 at 5 (citing *Montoya v. Retiree Health Care Auth.*, No. 18-cv-578 JCH/JRF, 2019 WL 2718689, at *4 (D.N.M. June 7, 2019), *report and recommendation adopted*, 2019 WL 2717115 (D.N.M. June 28, 2019)). There, the New Mexico federal court recognized that "Rule 26(a)(i)(A)(iii) does not exempt non-economic damages." *Montoya*, 2019 WL 2718689, at *4. But, the court noted, "[p]laintiffs are generally not required to produce damage computations for 'garden variety emotional distress' damages, *i.e.*, a claim that is devoid of evidence concerning medical treatment or physical manifestation." *Id.* at *5 (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282–83 (D. Minn. 2007)). But, importantly, the New Mexico court explained, "where a plaintiff intends to ask a jury for a specific dollar amount or range of compensation for such damages, *as [p]laintiff contends here*, then most courts find that such a computation is required." *Id.* (collecting cases). And, where "a plaintiff decides not to disclose a computation for non-economic damages during discovery, then she 'shall be precluded from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial.'" *Id.* (quoting *Lewis v. Cabana Coaches, LLC*, No. 12-20783-Civ-MOORE/TORRES, 2012 WL 12896353, at *3 (S.D. Fla. Oct. 19, 2012)).

Applying these principles to *Montoya*'s facts, the New Mexico court concluded that plaintiff failed to comply with Rule 26(a)(1)(A)(iii) by "disclos[ing] a lump sum amount to which she apparently believe[d] she [was] entitled, and which she [later admitted was] strictly limited to emotional distress damages[,]" but "she repeatedly failed to provide a computation for

11

that amount, or any other damage computation" to support the damages claim. *Id.* On those facts, the court permitted plaintiff "to proceed to trial seeking garden variety damages for emotional distress," but "limited" plaintiff "to seeking non-economic damages for emotional distress only," and "prohibited [her] from introducing specific pecuniary evidence concerning the severity of her distress that could have been produced under Rule 26(a)(1)(A)(iii), or requesting a specific amount from the jury, or using expert testimony to support her claim for emotional distress, because she failed to disclose any such facts, documentation, or support of any kind beyond her general averment that her emotional distress damages total $300,000." *Id.*

Likewise, here, the court finds that plaintiffs failed to comply with Rule 26(a)(1)(A)(iii) by serving initial disclosures that claimed non-economic damages in an "unspecified amount" and then failing to supplement their disclosures with a proper computation of the non-economic damages that they now intend to seek. Thus, plaintiffs have failed "to provide information . . . as required by Rule 26(a) or (e)[.]" Fed. R. Civ. P. 37(c)(1). As a consequence, plaintiffs are "not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*

As already discussed, the party facing sanctions under Rule 37(c)(1) bears the burden to show that the failure to disclose was substantially justified or harmless. *See Hirpa*, 50 F. App'x at 932; *see also Fish*, 309 F. Supp. 3d at 1115. Plaintiffs fail to shoulder that burden here. Neither one of plaintiffs' Oppositions to defendants' motions asserts that their failure to disclose a computation of non-economic damages under Rule 26 is substantially justified or harmless. *See generally* Docs. 197 & 198. Instead, plaintiffs argue, albeit generally, that Rule 26(a)(1)(A)(iii) doesn't require them to disclose a computation of non-economic damages for emotional distress. As discussed, plaintiffs are correct that Rule 26(a)(1)(A)(iii) doesn't oblige

them to disclose a damage computation for garden variety emotional distress damages. *Montoya*, 2019 WL 2718689, at *4.  But when, as here, a plaintiff elects not to disclose a computation of non-economic damages during discovery, courts typically preclude the plaintiff "'from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial.'"  *Id.* at *5 (quoting *Lewis*, 2012 WL 12896353, at *3); *see also McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2014 WL 1871891, at *4 (N.D. Okla. May 9, 2014) (explaining that although "the ultimate amount of non-economic damages, if any, to be awarded plaintiffs will be determined by a jury, . . . that does not relieve the plaintiffs from disclosing any specific evidence they intend to utilize at trial in support of their request for emotional distress or from disclosing any dollar range they intend to request from the jury" because "[o]therwise, plaintiffs could surprise the defendants at trial with a specific request for $1,000,000 for claimed emotional harm that was never previously disclosed, contrary to the spirit and intent of the applicable discovery Rules"); *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282–83 (D. Minn. 2007) (holding that plaintiffs were not required to disclose a computation of damages "[t]o the extent that plaintiffs do not intend to suggest a specific amount to the jury for emotional distress damages," but finding that "if plaintiffs do intend to suggest a specific amount to the jury for emotional distress damages, plaintiffs shall be required to provide to defendants the basis for this figure" because "it would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis" and also ordering that if "plaintiffs do not provide this information . . . they will not be allowed to suggest a specific amount to the jury for emotional distress damages").

Finding this guidance persuasive and predicting our Circuit would adopt the principles they embrace, the court follows them.  It thus precludes plaintiffs from seeking compensatory damages from the jury in the amount specified in the Pretrial Order.  Instead, plaintiffs must confine their damages claims to those specified in their Rule 26(a)(1)(A)(iii) initial disclosures, *i.e.*, (1) "Funeral Expenses from Bethea Funeral Home;" and (2) an unspecified amount of "non-economic damages[.]"  Doc. 181-1 at 5; Doc. 183-2 at 5.

**IV.    Conclusion**

For reasons explained, the court grants both defendants' Motions to Strike.  The court strikes from the Pretrial Order and precludes plaintiffs from seeking at trial any damages claims beyond the damages that plaintiffs disclosed in their Rule 26 initial disclosures.  More specifically, the court precludes plaintiffs from seeking punitive damages or asking the jury to award a specific amount of compensatory damages because plaintiffs never disclosed these damages claims under Rule 26(a)(1)(A)(iii).  And, plaintiffs utterly have failed to shoulder their burden to show that their failure to disclose was "substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  As a consequence, Rule 37(c)(1) bars plaintiffs from asserting these undisclosed damages claims "on a motion, at a hearing, or at a trial[.]"  *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Paul Corbier, M.D.'s "Motion to Strike and Exclude Plaintiffs' Claims for Certain Damages for Failure to Comply with Fed. R. Civ. P. 26(a)(1)(A)(iii) and 26(e)" (Doc. 180) is granted.

**IT IS FURTHER ORDERED THAT** defendant Corizon, LLC's "Motion to Strike and Exclude Plaintiffs' Claims for Certain Damages; or Alternatively for Partial Summary Judgment" (Doc. 183) is granted.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge