## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHERMAINE WALKER, individually
and as administrator of the estate of
Marques Davis, deceased, et al.,**

      **Plaintiffs,**

**v.**

                                           **Case No. 17-2601-DDC-KGG**

**CORIZON HEALTH, INC., formerly
known as Correctional Medical
Services, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This lawsuit arises out of the death of Marques Davis.  When he died, Mr. Davis was an inmate in the custody of the Kansas Department of Corrections and housed at the Hutchinson Correctional Facility in Hutchinson, Kansas.  Plaintiffs Shermaine Walker (as administrator of Mr. Davis's estate) and I.D.F. (as a minor and heir at law of Mr. Davis) bring this lawsuit, asserting claims under 42 U.S.C. § 1983 and Kansas common law against Corizon Health, Inc. ("Corizon") and Dr. Paul Corbier.  The matter is set for trial on June 7, 2022.

With the trial date approaching, defendants have filed a "Motion" and "Joint Request for Court Determination of Location of Trial" (Doc. 177).  Plaintiffs' Complaint designated Kansas City, Kansas, as the place of trial.  Doc. 1 at 32 (Compl.).  Defendants jointly ask the court to move the trial to Wichita, Kansas under 28 U.S.C. § 1404(c) and D. Kan. Rule 40.2.  Plaintiffs oppose defendants' request and ask the court to designate Kansas City, Kansas as the place of trial.  Doc. 189 at 1.  After considering the parties' arguments and applying the governing legal

standard, the court exercises its discretion and grants defendants' motion.  The court designates Wichita, Kansas, as the place of trial.

## I.      **Legal Standard**

Under D. Kan. Rule 40.2(e), the court is not bound by a party's designated place of trial. Instead, the court may determine the place of trial "upon motion or in its discretion."  D. Kan. Rule 40.2(e).  When determining the proper place for trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."  *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014).  Section 1404(a) grants "broad discretion in deciding a motion to transfer based on a case by-case review of convenience and fairness."  *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018).  The Kansas cases identify these factors as ones courts should consider when deciding where to designate the place of trial:

"(1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) any other practical consideration that makes a trial easy, expeditious, and economical."  *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* (citations omitted).  Here, defendants bear that burden and they must establish that "convenience and fairness" favor Wichita over Kansas City.

## II.     Analysis

Consistent with these cases, the court, below, applies the § 1404(a) factors to this case's facts and procedural elements to decide whether the court should re-designate the trial location from Kansas City to Wichita.[1]

### A.  Plaintiff's Choice of Forum

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'" *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).  But this factor is "largely inapplicable if the plaintiff does not reside" in the location designated for trial.  *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *see also Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 (D. Kan. June 26, 2007) (concluding that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff lives outside his choice of forum).  *But see Tiffany*, 2009 WL 1683515, at *1 (explaining that this factor "weighs only slightly in favor of plaintiff" in such a situation).  Also, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"  *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

---

[1]     Defendants' motion asks the court to reconsider "the current standards used to determine trial location[.]"  Doc. 177 at 8.  They assert that "the District of Kansas'[s] current analysis treats the issue as though the defendant has moved to transfer the action from one court to another, and therefore ha[s] a burden of proof to overcome the plaintiffs' selection [of place of trial] and meet the more stringent requirements of § 1404(a)."  *Id.* (citation and internal quotation marks omitted).  Defendants argue, "[t]his burden is found neither in the federal statute nor the local rule governing selection of trial locations within a division."  *Id.*  Although defendants present a thoughtful and well-reasoned argument to support their position, the court declines defendants' invitation to reconsider our court's governing standard for motions like this one.

Here, plaintiffs chose Kansas City. Doc. 1 at 32 (Compl.) Defendants argue that the court should give this factor no weight because plaintiffs don't reside in their chosen place of trial. Just the opposite, both plaintiffs reside in defendants' requested place of trial—*i.e.*, Wichita. *See* Doc. 149 at 4–5 (Second Am. Compl. ¶¶ 8–9) (alleging that plaintiff Shermaine Walker (Mr. Davis's mother) and I.D.F. (surviving natural daughter and heir at law of Mr. Davis) reside in Wichita, Kansas). Also, when he died, Mr. Davis was an inmate housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. *Id.* at 5 (Second Am. Compl. ¶ 11). Defendants correctly assert that Hutchinson is roughly 50 miles from Wichita and more than 200 miles from Kansas City. Doc. 177 at 2.

Plaintiffs respond, arguing that they are Kansas residents who chose Kansas City as their place of trial "because it was more convenient for them and their counsel" who is located in Kansas City. Doc. 189 at 3. It's difficult for the court to understand why plaintiffs believe Kansas City is a more convenient trial location for them. They live in Wichita which is about 200 miles from Kansas City. A Kansas City trial will require them to travel those 200 miles—a distance they wouldn't have to travel otherwise if trial is held in Wichita. Also, our court instructs that "convenience of counsel is entitled to little, if any, weight" when considering whether a trial location is inconvenient. *Studdard By & Through Studdard v. Connaught Lab'ys, Inc.*, 793 F. Supp. 291, 292 (D. Kan. 1992); *see also Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007). *But see Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) (explaining that the presence of counsel for both parties in the Kansas City area weighs against transfer).

Here, plaintiffs' choice of trial location is assigned "'reduced weight'" because the "facts giving rise to the lawsuit have no connection to Kansas City," and plaintiffs provide "no personal

4

connection to Kansas City, aside from [their] choice of counsel there." *Bright v. BHCMC, LLC*, No. 17-2529-JWL-GEB, 2018 WL 398450, at *2–3 (D. Kan. Jan. 12, 2018) (quoting *Cook*, 816 F. Supp. at 669). The court agrees with defendants' minimization arguments. Plaintiffs' choice of Kansas City "is lessened by the fact that they do not reside" there. *Nkemakolam*, 876 F. Supp. 2d at 1248. Nevertheless, plaintiffs' designation "of Kansas City as the place of trial remains at least a factor to be considered." *Id.* Thus, the court finds, this factor favors plaintiffs' choice, Kansas City, albeit just slightly.

### B.  Convenience and Accessibility of Evidence

The "relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. A plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum. *Id.* A proposed trial location is substantially inconvenient if all or practically all the witnesses reside in a different location and traveling to the proposed trial location would impose a substantial burden on them. *Id.* (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses [were] located in the Topeka area" and holding trial in Kansas City would "cause much more disruption" to these witnesses); *Nkemakolam*, 876 F. Supp. 2d at 1248 (denying a motion to move the trial from Kansas City to Topeka because "the presence of a large airport makes Kansas City a more convenient forum for plaintiffs, who must travel to Kansas" and while "Topeka might be marginally more convenient for [defendant] and its witnesses, that factor is at least

counterbalanced by the loss in convenience to plaintiffs and other witnesses residing outside the state . . . that would occur with a transfer to Topeka").

Defendants argue that this factor heavily favors a Wichita trial because the "vast majority" of witness reside in Hutchinson or Wichita.  Doc. 177 at 10–11.  Also, defendants anticipate that several security officers, and possibly inmates, will testify at trial.  Defendants argue that a trial in Wichita will cause the least disruption for Hutchinson Correctional Facility's employees because a trial in Kansas City will require them to travel an additional 170 miles (each way) than they otherwise would travel for a Wichita trial.

Plaintiffs respond that defendants' argument focuses only on the witnesses defendants intend to call for trial.  Plaintiffs argue that many other witnesses are located out of state, and thus, it's more convenient to hold trial in Kansas City where witnesses can fly into the Kansas City International Airport—a larger airport with more flight availability than Wichita's airport.  Indeed, plaintiffs assert, seven of eight designated experts reside outside Kansas.  And, the one residing in Kansas lives in Leawood, some 13 miles away from the Kansas City courthouse.

Also, one of the defendants in the case—Dr. Corbier—now lives outside Kansas.  Plaintiffs represent that he lives in North Carolina and has a medical practice in South Carolina.  Doc. 189 at 3.  For the same reasons discussed, plaintiffs assert that Kansas City is a more convenient trial location for Dr. Corbier because of that courthouse's proximity to Kansas City International Airport.

The court doesn't find significant the experts' locations.  Indeed, the court agrees with defendants.  "[W]itnesses who specifically agreed to be retained and participate in this case (and who are compensated for their time) should be less of a concern compared to the many more treating providers and fact witnesses who had no choice in their participation of the matter."

6

Doc. 195 at 4.  For the vast majority of fact witnesses, defendants correctly assert that Wichita is a more convenient location.  All of the facts relevant to plaintiffs' claims emerged in Hutchinson, where plaintiff was housed as an inmate at the Hutchinson Correctional Facility and eventually died at the Hutchinson Regional Medical Center.  This case has no factual connection to Kansas City.  Instead, the majority of fact witnesses are located in Wichita or Hutchinson—which is a significantly closer distance to Wichita than Kansas City.

And for witnesses located outside of Kansas—including one defendant, Dr. Corbier—our court has refused to designate Kansas City as the place of trial over Wichita based on the size of the Kansas City International Airport because Wichita also "has a sizeable airport with national airlines." *Callahan v. Bledsoe*, No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *3 (D. Kan. Apr. 6, 2017).  Dr. Corbier and most of the experts must travel to Kansas for trial whether trial is held in Wichita or Kansas City.  The court finds that neither location is more convenient for these witnesses given that both cities have an airport.

Considering all these competing facts, the court finds that the balance of interests favors a Wichita trial over one in Kansas City.  Important to this conclusion is Wichita's closer proximity to Hutchinson—where most fact witnesses reside, if they aren't already in Wichita.  Thus, on balance, the relative convenience and accessibility of evidence favors a Wichita trial.

### C.  Fair Trial

Plaintiffs assert the "possibility of obtaining a fair trial" factor favors Kansas City because a Wichita trial raises "the distinct probability of juror bias due to the fact that the Hutchinson Correctional Facility employs area residents."  Doc. 189 at 5.  But, our court has rejected a similar argument aimed against trying a case in Wichita because it involved an employer actually located in Wichita—unlike the Hutchinson Correctional Facility which is 50

miles away from Wichita.  Our court dismissed a plaintiff's argument that "he will have more difficulty finding a fair and impartial jury in Wichita" in a lawsuit against Boeing, finding that concerns about bias "will be adequately addressed during voir dire of the prospective jurors" and "[i]n other cases this court has tried in Wichita involving Boeing as a litigant, fair and impartial juries have been routinely and repeatedly impaneled."  *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1065 (D. Kan. 1995).  For the same reasons, the court finds here that plaintiffs can have a fair trial in Wichita.

Also, plaintiffs argue that the Wichita jury pool is more likely to have heard about Mr. Davis's death from pretrial publicity in that area.  But, plaintiffs concede, Mr. Davis's death also received media coverage in the Kansas City area.  And, as already discussed, the court can address adequately and fairly during voir dire whether any pretrial publicity has biased any prospective juror.

In sum, on the current record, there is no evidence suggesting that either party is unlikely to receive a fair trial in either location.  This factor is a neutral one.

### D.  Other Factors—"All Other Considerations"

The court also may consider various other factors when determining the place of trial. For example, in *Spires v. Hospital Corporation of America*, our court considered the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients.  No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006).  Also, in *Hughes v. Blue Cross and Blue Shield of Kansas, Inc.*, our court considered the "costs in the form of mileage, meals, and hotel expenses" incurred by holding trial in plaintiff's proposed location. No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012).  Here, defendants argue that the "all other considerations" factor favors a Wichita trial because a majority of the treating

medical professionals live in and around the Wichita and Hutchinson areas.  The court agrees.  A Wichita trial is significantly more convenient for these medical practitioners.  A Kansas City trial will require these witnesses to travel anywhere from 340 to 400 more miles round-trip than they otherwise would travel to testify in Wichita.  A Wichita trial will save these witnesses around 12 hours in round-trip travel time—time they would lose treating patients.

Also, defendants return to their argument about convenience for security officers at the Hutchinson Correctional Facility.  They assert that a Wichita trial allows "officers who finish their testimony prior to the end of their shifts could return to work and help maintain staffing levels."  *Green v. Johnson*, No. 12-cv-03158-DDC, 2015 WL 6473538, at *3 (D. Kan. Oct. 27, 2015) (internal quotation marks and alterations omitted).  For the same reasons discussed for the medical provider witnesses, a Kansas City trial would require prison officers to incur more travel time than they otherwise would incur if they testified in Wichita.  A Wichita trial will allow these prison officers to return to work more quickly and help maintain staffing levels at the prison.

In addition to the time spent traveling the extra distance to Kansas City, the fact witnesses located in Hutchinson and Wichita will incur more "costs in the form of mileage" if they must drive to Kansas City instead of Wichita for trial.  *Hughes*, 2012 WL 3644845, at *4.  As discussed, a Kansas City trial will require Hutchinson and Wichita fact witnesses to incur extra mileage—anywhere from an additional 340 to 400 miles for each round-trip—that they wouldn't incur otherwise if they testified at a Wichita trial.

Plaintiffs argue that the "other considerations" factor favors a Kansas City trial because counsel for both sides of the caption are located in or around Kansas City.  Doc. 189 at 5 (asserting that Dr. Corbier's counsel is located in Overland Park, Kansas (a Kansas City suburb) and Corizon's counsel is located in Kansas City, Missouri).  But, as already discussed, the

"convenience of counsel is entitled to little, if any, weight" when considering whether a trial location is inconvenient. *Studdard By & Through Studdard*, 793 F. Supp. at 292. Here, the court can't find that the convenience of counsel outweighs the convenience of the majority of fact witnesses who are located in Wichita or Hutchinson.

On balance, the court finds that the "other considerations" factor favors a Wichita trial.

### E.  Considering the Factors as Whole

After considering all the § 1404(a) factors, the court finds that two of the four factors favor a Wichita trial. One of the other factors (fair trial) is neutral. And, another factor (plaintiffs' choice of trial location) favors plaintiffs, but just slightly since (1) plaintiffs don't live in Kansas City, but instead, live in Wichita, where defendants ask the court to try the case, and (2) the facts of the case have no connection to Kansas City. Thus, the factors as a whole favor a Wichita trial. So, the court grants defendants' request to designate Wichita as the place of trial.

### III.   Conclusion

For reasons explained above, the court grants defendants' request to designate Wichita as the place of trial. The court designates Wichita, Kansas, as the place of trial for the June 7, 2022 trial. The court will designate a specific courtroom nearer to the date of trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' "Motion" and "Joint Request for Court Determination of Trial Location" (Doc. 177) is granted.

**IT IS FURTHER ORDERED THAT** the trial of this case will take place in the Wichita United States Courthouse in Wichita, Kansas.

**IT IS SO ORDERED.**

Dated this 11th day of April, 2022, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
