IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERMAINE WALKER, individually and as administrator of the estate of Marques Davis, deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., formerly known as Correctional Medical Services, et al.,<br><br>Defendants. | Case No. 17-2601-DDC-KGG |

**MEMORANDUM AND ORDER**

Defendant Paul Corbier, M.D. has filed a Motion to Exclude Plaintiffs' Expert Witnesses. Doc. 238. Dr. Corbier asks the court to exclude the opinions of plaintiffs' three designated expert witnesses under Fed. R. Civ. P. 37(c)(1), as a sanction for the expert reports' failing to disclose required information under Fed. R. Civ. P. 26(a)(2)(B). Defendant Corizon Health, Inc. has filed a Notice of Joinder in Dr. Corbier's Motion to Exclude. Doc. 243. For reasons explained below, the court grants the motion.

**I.      Factual and Procedural Background**

This lawsuit arises from the death of Marques Davis. At his death, Mr. Davis was an inmate in the custody of the Kansas Department of Corrections and housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiffs Shermaine Walker (as administrator of Mr. Davis's estate) and I.D.F. (as a minor and heir at law of Mr. Davis) bring this lawsuit. They assert claims under 42 U.S.C. § 1983 and Kansas common law against Corizon and Dr. Paul Corbier.

On May 2, 2019, plaintiffs served expert disclosures under Fed. R. Civ. P. 26(a)(2).  Doc. 117.  Plaintiffs disclosed three retained expert witnesses:  (1) Lara Strick, M.D., (2) Richard Berg, M.D., and (3) Gail Normandin-Carpio, R.N.  Doc. 201-9.  And, plaintiffs served defendants with expert reports authored by plaintiffs' three experts.  *See id.*

On May 16, 2019, defense counsel jointly asserted objections to plaintiffs' expert disclosures.  Docs. 239-2, 239-3.  Defendants objected that the designated expert reports "are insufficient to provide information required under Rule 26(a)(2)(B) and leave [d]efendants speculating as to what opinions, basis and reasons each may offer related to each of the separately named [d]efendants."  Doc. 239-3 at 2 (Objections ¶ 5).  Defendants offered to confer about the asserted insufficiency of the expert designations, as contemplated by D. Kan. Rule 37.2.  Doc. 239-2 at 2.  Also, defendants asked plaintiffs to "supplement them with specificity as to the individual defendants in this case" and to "advise" defendants of plaintiffs' "position on these [expert] reports no later than May 24th so [defendants could] determine if filing a motion" with the court was necessary.  *Id.*

Plaintiffs appear to concede that they never responded to defendants' objections to the expert disclosures.  Doc. 246 at 4 (asserting that the only reasonable effort defendants made to confer about the expert reports issue was the May 16, 2019 communication and Objections and never alleging that plaintiffs responded to defendants' attempt to confer).  Defendants now ask the court to exclude plaintiffs' expert opinions because their reports failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B).

**II.     Governing Legal Standard**

Rule 26(a)(2)(B) requires that a party's expert witness disclosures "must be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). The Rule requires the expert report to contain:

    (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii)    the facts or data considered by the witness in forming them;
    (iii)   any exhibits that will be used to summarize or support them;
    (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    (vi)   a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Under Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 631 (10th Cir. 2008) ("The exclusion of evidence presented out of time is 'automatic and mandatory' unless the violation was either justified or harmless." (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))).

A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors:  "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953

(10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

**III.    Analysis**

Defendants assert that plaintiffs' expert reports failed to disclose the required Rule 26(a)(2)(B) information because they don't provide the basis or reasons for their opinions and facts supporting those opinions. Thus, defendants argue, the court must exclude plaintiffs' expert opinions under Rule 37(c)(1).

*First*, Dr. Berg's expert report opines that Mr. Davis suffered "one continuous illness since July, 2016[.]" Doc. 201-9 at 24. But, Dr. Berg's expert report never states any basis or reason for that opinion. Also, Dr. Berg recites that Mr. Davis "was thought to have died because of a widely disseminated fungal infection," *id.* at 23–24, and he opines that diagnosis of that condition "likely would have taken no more than two days" and "Mr. Davis likely could have recovered had he been given proper antimicrobial therapy for 14 days before his cardiac arrest[,]" *id.* at 24. But, once again, Dr. Berg's expert report provides no basis for these opinions. He never explains what medical staff could have done to diagnose the condition within two days or why that process would take just two days. Also, the report neither explains what "proper antimicrobial therapy" is, nor the reason for the expert's opinion that such therapy would have allowed Mr. Davis to recover from his condition. Dr. Berg's report ends with a final conclusory assertion, asserting that "Mr. Davis died as a result of the failure to receive appropriate care from Corizon services while incarcerated at Hutchinson Correctional Facility." *Id.* But, the report never identifies what care was appropriate, how any particular Corizon staff member failed to provide that care, or how that alleged failure caused Mr. Davis's injury.

4

*Second*, plaintiffs designated Gail Normandin-Carpio, R.N. to opine about nursing standards. *See generally id.* at 25–32. Her expert report cites various standards of care. *Id.* at 25. And, she makes the conclusory assertion that Corizon failed to meet the standard of care. *Id.* at 31–32. But, she provides no reasons for her conclusion. She never identifies any particular Corizon staff member who failed to comply with the standard of care. Nor does she explain how any such failure caused injury to Mr. Davis. Also, she doesn't describe any facts that support such an opinion.

*Third*, Dr. Lara Strick's expert report opines, among other things, that "[a]ll the signs were there that [Mr. Davis] had a serious illness involving his brain, and staff saw them, but they did not do anything about them in a timeframe that meets the standard of care and thus failed to provide life saving therapy." *Id.* at 5. But her report fails to provide facts supporting the reason for this opinion. Indeed, she never identifies any individual provider who breached the standard of care. Also, her report doesn't provide the basis or reason for her opinion that medical staff caused Mr. Davis's injuries.

Defendants' correspondence to plaintiffs' counsel in May 2019 addressed these shortcomings, but plaintiffs never responded to that communication. And, plaintiffs never supplemented the expert reports. As defendants correctly informed plaintiffs in the May 2019 letter, plaintiffs' expert reports failed to comply with the requirements of Rule 26(a)(2)(B), particularly the requirement that the expert report contain "a complete statement of all opinions the witness will express *and the basis and reasons for them*[.]" Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).

Defendants argue that plaintiffs' failure to make the required Rule 26(a)(2)(B) disclosures requires the court to exclude the expert reports under Fed. R. Civ. P. 37(c)(1). For

5

support, defendants cite *Gust v. Jones*, 162 F.3d 587 (10th Cir. 1998). *Gust* involved an appeal of a trial court's order that "refused to allow [an expert] to offer opinion testimony on deviation from the relevant standard of care" because the report disclosed under Rule 26(a)(2) "did not express the opinion that the actions of the physician who initially treated [plaintiff] . . . rose to the level of malpractice." *Id.* at 592. The Circuit noted that "medical malpractice under Kansas law means that a doctor did not exercise the ordinary skill and diligence of a competent physician in a comparable medical community." *Id.* (citing *Chandler v. Neosho Mem'l Hosp.*, 574 P.2d 136, 138 (Kan. 1977) (further citations omitted)). The *Gust* expert violated this standard because his "report did not indicate that he was aware of the standard of care in Burlington, Kansas, where [the treating doctor] practices, nor did it state that the course of treatment [the doctor] followed was not recognized and approved in Burlington or a similar community in 1993." *Id.* Instead, the Circuit described a "fair reading" of the expert's report as showing "that he may have treated [plaintiff] differently than [the treating doctor] did, but it [did] not express the opinion that [the doctor's] actions rose to the level of malpractice." *Id.* Thus, the Circuit affirmed the trial court's order excluding the expert testimony because any testimony that the treating doctor's "acts breached the appropriate standard of care . . . would have constituted presentation of an opinion not offered in" the expert's report that plaintiff disclosed under Rule 26(a)(2). *Id.*

Likewise, the experts' reports here merely assert— in a somewhat conclusory fashion— that these experts disagree with the treatment medical staff provided to Mr. Davis. But, they don't provide any factual basis or reasons supporting an opinion that the treating providers' "actions rose to the level of malpractice." *Id.*; *see also Treaster v. HealthSouth Corp.*, 442 F. Supp. 2d 1171, 1183 (D. Kan. 2006) (holding that expert's "more generalized opinion" that

6

doctor should have ordered a particular bed did not suffice to provide an expert opinion that the doctor "was required to order a Vail bed in order to meet the standard of care[,]" and thus precluding the expert from offering that specific opinion). Plaintiffs' omission violated Rule 26(a)(2)(B). As a consequence, plaintiffs' Rule 26(a)(2)(B) violation requires the court to exclude their expert reports under Rule 37(c)(1).

Plaintiffs' Opposition to the Motion to Exclude responds that the expert reports comply with the Rule 26(a)(2) disclosure requirements. And thus, plaintiffs argue, the court shouldn't impose sanctions under Rule 37(c)(1). But plaintiffs never ask the court to excuse any failure to comply with Rule 26(a)(2) because it was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). So, the court can't apply Rule 37(c)(1)'s exceptions and excuse plaintiffs' failure to make the required Rule 26(a)(2) disclosures. Instead, Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B). *See* Fed. R. Civ. P. 37(c)(1) (explaining that if a party fails to disclose information or identify a witness as required Rule 26(a), then "the party *is not allowed to use that information or witness*" at trial (emphasis added)).

Plaintiffs also argue that the court already concluded on summary judgment that "taken as a whole, the expert opinions provide sufficient expert testimony that Mr. Davis's medical providers breached the standard of care by failing to examine and assess Mr. Davis properly and that these failures caused Mr. Davis's damages because he never received a correct diagnosis (before he died) or treatment for his condition." Doc. 232 at 71. As defendants correctly argue, this passage from the court's summary judgment Order was addressing a different issue. This merely addressed whether the expert reports had articulated a breach of the standard of care—not whether the reports satisfied plaintiffs' disclosure obligations under Fed. R. Civ. P. 26. After

7

reviewing defendants' motion and supporting documents, the expert reports fail to adhere to those disclosure requirements because they don't provide a "complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). Defendants thus deserve an order excluding those expert reports under Rule 37(c)(1).

Finally, plaintiffs assert that defendants' motion violates D. Kan. Rule 37.2 because defendants didn't satisfy the meet and confer requirement of that rule. D. Kan. Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.

D. Kan. Rule 37.2. That Rule provides that a "'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." *Id.* Plaintiffs argue that defendants' singular effort of sending the May 2019 letter on the expert report issue fails to satisfy the meet and confer requirements of the court's local rule.

But, defendants correctly respond, their Motion to Exclude under Rule 37(c) is a motion for sanctions for failing to comply with discovery obligations—it's not a "motion to resolve a discovery dispute[,]" as contemplated by D. Kan. Rule 37.2. Thus, the meet and confer requirement doesn't apply here. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 707 (8th Cir. 2018) ("Seeking to enforce the automatic exclusion of evidence pursuant to Rule 37(c)(1) does not require a party to first confer with the other party about whether the other party's evidence should be excluded." (citing *Fulmore v. Home Depot, U.S.A., Inc.*, 423 F. Supp. 2d 861, 872 (S.D. Ind. 2006)). *Cf. Wilbert v. Promotional Res., Inc.*, No. CIV. A. 98-2370-GTV, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999) (refusing to compel production under Rule

37(a) because defendant (the movant) didn't comply with the Rule's requirement to confer, but noting that plaintiff had not produced documents required by Rule 26(a)(1)(C) and "[s]uch failure, in appropriate circumstances, may invite consideration of sanctions under Fed. R. Civ. P. 37(c)(1), including exclusion of the evidence").

For all these reasons, the court agrees with defendants. Plaintiffs' expert reports fail to comply with Rule 26(a)(2)(B)'s disclosure requirements. And, because plaintiffs have failed "to provide information . . . as required by Rule 26(a)[,]" plaintiffs are "not allowed to use" the expert opinions "at a trial[.]" Fed. R. Civ. P. 37(c)(1). Thus, the court grants the Motion to Exclude Plaintiffs' Expert Witnesses (Doc. 238).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Paul Corbier, M.D.'s Motion to Exclude Plaintiffs' Expert Witnesses (Doc. 238)—which defendant Corizon Health, Inc. (Doc. 243) joins—is granted.

**IT IS FURTHER ORDERED THAT** defendant Paul Corbier, M.D.'s Motion to Exclude Opinions of Plaintiff[s'] Expert Witness Gail Normandin-Carpio, RN on the Standards of Medical Care Pursuant to Fed. R. Evid. 702[1] (Doc. 241) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[1] By separate motion, Dr. Corbier asks the court to exclude Nurse Normandin-Carpio's opinions because, Dr. Corbier asserts, she's not qualified to opine about the standard of care that apply to a physician or surgeon. *See* Docs. 241, 242. Because the court excludes Nurse Normandin-Carpio's expert report under Rule 37(c)(1) for failing to comply with the Rule 26(a)(2) disclosure requirements, the court doesn't need to address Dr. Corbier's other motion asking the court to exclude Nurse Normandin-Carpio's opinions.