IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERMAINE WALKER, individually and as administrator of the estate of Marques Davis, deceased, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CORIZON HEALTH, INC., formerly known as Correctional Medical Services, et al.,**<br><br>**Defendants.** | Case No. 17-2601-DDC |

## MEMORANDUM AND ORDER

Plaintiffs have filed a Motion for Reconsideration of the Court's Memorandum and Order Excluding Plaintiffs' Expert Witnesses (Doc. 252). Doc. 254. On May 13, 2022, the court issued a Memorandum and Order granting a Motion to Exclude Plaintiffs' Expert Witnesses. Doc. 252. The court concluded plaintiffs' expert reports failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). *Id.* at 9. As a consequence of plaintiffs' failure "'to provide information . . . as required by Rule 26(a)[,]'" the court held that "plaintiffs are 'not allowed to use' the expert opinions 'at a trial[.]'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)).

Plaintiffs' reconsideration motion never argues that the court erred by concluding that plaintiffs failed to comply with their Rule 26(a)(2)(B) disclosure requirements. Instead, plaintiffs base their motion on a local procedural rule. Plaintiffs assert that the court clearly

erred by concluding that the meet and confer requirement in the court's local rule, D. Kan. Rule 37.2, didn't apply to the Motion to Exclude filed under Fed. R. Civ. P. 37(c)(1).[1]  Doc. 255 at 3.

To support their argument, plaintiffs cite other cases from our court where, plaintiffs contend, the courts have held that the meet and confer requirement in D. Kan. Rule 37.2 applies to motions to exclude filed under Fed. R. Civ. P. 37(c)(1).  There are a couple of problems with plaintiffs' arguments.  And, none of the arguments show that the court committed clear error.

*First*, other District of Kansas cases aren't binding authority on this court.

*Second*, none of plaintiffs' cited cases explicitly conclude that the local rule's meet and confer requirement applies to motions to exclude filed under Fed. R. Civ. P. 37(c)(1).  Instead, one case explicitly declined to decide this issue.  *See Seed Rsch. Equip. Sols., LLC v. Gary W. Clem, Inc.*, No. 09-01282-EFM-KGG, 2012 WL 2359751, at *2 n.7 (D. Kan. June 20, 2012) (denying motion to strike after finding that plaintiff had complied with Rule 26(e) and, based on that conclusion, the court did "not determine whether the duty to confer under D. Kan. [Rule] 37.2 applies in this circumstance").  Another case cited the local rule's meet and confer requirement but never applied it to the Rule 37(c)(1) motion at issue.  *See LeTourneau v. Venture Corp.*, No. 15-CV-2629-JAR, 2017 WL 1210085, at *2–3 (D. Kan. Apr. 3, 2017) (refusing to exclude expert witness designation because moving party's objections lacked merit and other factors weighed against exclusion).  Two cases applied the meet and confer requirement after concluding that the motions at issue weren't motions to exclude under Rule 37(c)(1) but, instead,

---

[1] The grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing Fed. R. Civ. P. 59(e)'s requirements); *see also* D. Kan. Rule 7.3(b) (explaining reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice").  Plaintiffs base their motion just on the third ground—the need to correct clear error.  Doc. 255 at 3.

a motion challenging the sufficiency of an expert's report under Rule 26(a)(2)(B).[2] *See Raytheon Aircraft Co. v. United States*, No. 05-2328-JWL, 2008 WL 627488, at *13 (D. Kan. Mar. 4, 2008); *Danaher v. Wild Oats Mkts., Inc.*, No. 08-cv-2293-DJW, 2011 WL 768703, at *2 (D. Kan. Feb. 28, 2011). And, plaintiffs' other cited case applied the meet and confer requirement without analyzing whether it should apply to a motion for sanctions filed under Rule 37(c). *See Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 624, 626–27 (D. Kan. 2001).

*Third*, plaintiffs don't cite—and the court's research hasn't revealed—any District of Kansas case that explicitly has interpreted the language of D. Kan. Rule 37.2 to decide whether its meet and confer requirement applies to motions filed under Fed. R. Civ. P. 37(c). As the court already explained in its May 22, 2022 Order, the plain language of the local rule governs "any motion to resolve a discovery dispute[.]" D. Kan. Rule 37.2. But, the Motion to Exclude under Rule 37(c) didn't present a discovery dispute. Instead, the Motion to Exclude presented a motion for sanctions for failing to comply with discovery obligations. In short, it's not a "motion to resolve a discovery dispute[,]" as contemplated by D. Kan. Rule 37.2.

*Fourth*, plaintiffs criticize the court for citing *Wilbert v. Promotional Resources, Inc.*, No. 98-2370-GTV, 1999 WL 760524 (D. Kan. Sept. 21, 1999), because that case didn't address whether Rule 37.2 applies to a Rule 37(c)(1) motion. But the court didn't cite *Wilbert* for that proposition. Doc. 252 at 8–9 (using the "*cf.*" signal to note that the case is different from the

---

[2] Plaintiffs never have asserted that the court should construe the Motion to Exclude as a motion challenging the sufficiency of the expert's report under Rule 26(a)(2)(B) instead of a motion to exclude under Rule 37(c)(1). Although the first page of plaintiffs' reconsideration motion cites the court's Scheduling Order governing discovery disputes about expert reports, Doc. 255 at 1–2, the remainder of plaintiffs' motion refers to the Motion to Exclude as a motion for sanctions under Rule 37(c)(1). *See*, *e.g.*, Doc. 255 at 9–10. It is true, as plaintiffs note, that the court entered the Revised Scheduling Order on July 6, 2020. Doc. 155. But, on September 24, 2021, the court entered the Pretrial Order (Doc. 196) which "supersedes all pleadings and controls the subsequent course of this case." *Id.* at 1. Defendant Corbier filed his Motion to Exclude (Doc. 238) in April 2022, after the court issued the Pretrial Order.

main proposition but sufficiently analogous to lend support). Instead, the court cited *Wilbert*'s language encouraging a party to comply with its Rule 26(a)'s obligations, even if the opposing party hadn't satisfied the meet and confer obligation, because the failure to comply with Rule 26(a) obligations can lead to sanctions, including the exclusion of evidence. *Id.* (citing *Wilbert*, 1999 WL 760524, at *2). *Wilbert*'s language comports with Rule 37's advisory committee's notes that explain Rule 37(c) contains a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" and describe Rule 37(c)(1) as containing an "automatic sanction." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment.

For all these reasons, the court concludes, plaintiffs have failed to show that the court clearly erred when it granted the Motion to Exclude Plaintiffs' Expert Witnesses.

But, even if the court were to adopt plaintiffs' position and conclude that the meet and confer requirement applies to the Motion to Exclude, defendants argue that they complied with that obligation.[3] Indeed, defendants wrote a letter to plaintiffs' counsel on May 16, 2019, advising of their objections to the expert disclosures and offering to confer about the asserted insufficiency of the expert designations, as contemplated by D. Kan. Rule 37.2. Doc. 239-2 at 2. Defendants asked plaintiffs to advise of their position on the expert disclosures by May 24, 2019. *Id.* But, as plaintiffs concede, they never responded to defendants' communication. Nor did they supplement their disclosures to remedy the deficiencies that defendants had identified. Plaintiffs labor to nullify this effort, arguing that the local rule provides that a "'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the

---

[3]     Plaintiffs argue that the court should not decide whether defendants complied with the meet and confer obligation and allow more briefing to decide this question. Doc. 255 at 8–9. The court declines this invitation. The parties have had ample opportunity to argue whether defendants' efforts complied with Rule 37.2's meet and confer requirement in both briefing on the underlying motion and the reconsideration motion. And indeed, plaintiffs already asserted this argument in the underlying motion. Doc. 246 at 4.

parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." D. Kan. Rule 37.2. And thus, plaintiffs argue, defendants' May 19, 2019 letter didn't satisfy the Rule's requirement. But, defendants' letter explicitly recited that it was a "good faith" attempt "to confer with [plaintiffs] regarding the sufficiency of the expert designations previously provided in conformance with local rule 37.2." Doc. 239-2 at 2. And, it provided a date (May 24) for plaintiffs to advise defendants of their position. *Id.* This letter put plaintiffs on notice about the deficiencies in their expert reports, offered plaintiffs an opportunity to confer about their disclosures, and plaintiffs chose to disregard the communication. In sum, our local rule requires good faith efforts to confer about *discovery* disputes. But it doesn't require similar efforts to confer about failing to discharge the disclosure obligations that govern the *trial*. And it doesn't require the non-disclosing parties to keep following up once the non-disclosing party has informed the disclosing party of its failure to abide by its disclosure obligations.

For all these reasons, the court declines to reconsider its Order granting the Motion to Exclude Plaintiffs' Expert Witnesses.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Reconsideration of the Court's Memorandum and Order Excluding Plaintiffs' Expert Witnesses (Doc. 254) is denied.

**IT IS SO ORDERED.**

**Dated this 23rd day of May, 2022, at Kansas City, Kansas.**

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**