IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERMAINE WALKER, individually and as administrator of the estate of Marques Davis, deceased, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CORIZON HEALTH, INC., formerly known as Correctional Medical Services, et al.,**<br><br>**Defendants.** | Case No. 17-2601-DDC-KGG |

## MEMORANDUM AND ORDER

Defendant Corizon Health, Inc. ("Corizon") has filed a Second Motion for Summary Judgment (Doc. 277). Corizon argues that it deserves summary judgment against plaintiffs' Kansas common law claims (the only claims remaining against Corizon in this lawsuit) because plaintiffs lack expert testimony essential to meet the burden of proof for their Kansas common law claims. For reasons explained below, the court agrees. And it thus grants Corizon's summary judgment motion.

**I.     Uncontroverted Facts**

On April 13, 2017, inmate Marques Davis died while in custody of the Kansas Department of Corrections. Doc. 196 at 2–3 (Pretrial Order ¶¶ 2.a.1., 2.a.5., 2.a.6.). Plaintiffs Shermaine Walker (as administrator of Mr. Davis's estate) and I.D.F. (as a minor and heir at law of Mr. Davis) asserted claims under 42 U.S.C. § 1983 and Kansas common law for negligence and wrongful death against Corizon. *Id.* at 12–19, 21 (Pretrial Order ¶¶ 4.a.1.A., 4.a.1.B., 4.a.2.A., 4.a.2.C.). On April 8, 2022, the court granted summary judgment for Corizon on

plaintiffs' § 1983 claims. Doc. 232. Only plaintiffs' Kansas common law claims against Corizon remained for trial. *Id.*

On April 19, 2022, defendant Paul Corbier, M.D. filed a Motion to Exclude Plaintiffs' Expert Witnesses. Doc. 238. Corizon joined Dr. Corbier's Motion to Exclude. Doc. 243. On May 13, 2022, the court granted the Motion to Exclude. Doc. 252. Specifically, the court found that plaintiffs' expert reports failed to comply with Fed. R. Civ. P. 26(a)(2)(B)'s disclosure requirements. *See generally id.* And, as a consequence, the court granted the Motion to Exclude under Fed. R. Civ. P. 37(c)(1) for plaintiffs' failure to make a required disclosure under Fed. R. Civ. P. 26(a).

Plaintiffs concede that—by virtue of the court's May 13 Order—"they will not be able to present testimony of their own experts at trial." Doc. 299 at 3. Trial is scheduled to commence on June 7, 2022. Doc. 237 (Trial Order).

## II. Summary Judgment Standard

Summary judgment is appropriate where the moving party demonstrates that "no genuine dispute" exists about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the initial burden of showing "the basis for its motion[.]" *Celotex*, 477 U.S. at 323. A summary judgment movant can satisfy this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Corizon asserts that it has shouldered its summary judgment burden under this standard. That is, Corizon asserts, without expert testimony to help to prove plaintiffs' Kansas

2

common law claims, plaintiffs lack essential evidence to support their case. The court considers this argument, below.

### III. Analysis

As already stated, plaintiffs assert Kansas common law claims for negligence and wrongful death premised on Corizon's alleged failure to provide Mr. Davis medical care and treatment during his incarceration. In Kansas, claims premised on a medical malpractice theory require a plaintiff to prove:

> (1) The health care provider owed the patient a duty of care and was required to meet or exceed a certain standard of care to protect the patient from injury; (2) the provider breached this duty or deviated from the applicable standard of care; (3) the patient was injured; and (4) the injury proximately resulted from the breach of the standard of care.

*Drouhard-Nordhus v. Rosenquist*, 345 P.3d 281, 286 (Kan. 2015).

"The plaintiff in a medical malpractice case bears the burden of showing not only the doctor's negligence, but that the negligence caused the injury." *Hare v. Wendler*, 949 P.2d 1141, 1146 (Kan. 1997) (internal citations and quotation marks omitted). "Except where the lack of reasonable care or the existence of proximate cause is apparent to the average layman from common knowledge or experience, *expert testimony is required in medical malpractice cases to establish the accepted standard of care and to prove causation*." *Id.* (emphasis added) (internal citations and quotation marks omitted); *see also Chandler v. Neosho Mem'l Hosp.*, 574 P.2d 136, 139 (Kan. 1977) ("The standard of medical and hospital care which is to be applied in each case is not a rule of law, but a matter to be established by the testimony of competent medical experts."); *Watkins v. McAllister*, 59 P.3d 1021, 1023 (Kan. Ct. App. 2002) ("Expert testimony is required in medical malpractice cases to establish the applicable standard of care and to prove causation.").

Here, it's undisputed that plaintiffs have no expert testimony to present at trial to meet their burden of proof on their Kansas common law claims. Thus, the court agrees with Corizon. Without expert testimony, plaintiffs' Kansas common law claims fail as a matter of law. As a consequence, Corizon deserves summary judgment against those claims.

Plaintiffs try to avoid this operative conclusion by arguing that an exception to the expert testimony requirement applies here. Indeed, Kansas recognizes such an "exception to [the expert testimony] requirement" that "arises in cases where the lack of reasonable care or the existence of causation is apparent to the average layman from common knowledge or experience." *Watkins*, 59 P.3d at 1023 (citing *Hare*, 949 P.2d at 1146–47). Plaintiffs assert that the evidence they will present at trial "establishes an obvious lack of reasonable care, and an extremely bad result, such that the jury could find for [p]laintiffs even in the absence of expert testimony." Doc. 301 at 1. The court disagrees with plaintiffs' position for a couple of reasons.

*First*, until now, plaintiffs never have asserted that their claims rely on the common knowledge exception. They never asserted this theory in the Pretrial Order. *See generally* Doc. 196. And, plaintiffs expressly disclaimed reliance on the common knowledge theory at summary judgment. Doc. 210 at 121 (observing that "the common knowledge exception is the one recognized exception to the expert testimony requirement," but conceding that plaintiffs "cannot and do not contend that this exception applies"). Thus, plaintiffs arguably have waived this theory of proving their Kansas common law claims.

*Second*, even if plaintiffs hadn't waived the common knowledge theory, it can't fit the facts here. The common knowledge exception is a "narrow exception and has rarely been applied." *Hubbard v. Mellion*, 302 P.3d 1084, 1093 (Kan. Cit. App. 2013); *see also Munoz v. Clark*, 199 P.3d 1283, 1288 (Kan. Ct. App. 2009) ("[T]he application of the common knowledge

4

exception is extremely limited."). The exception applies only when "the diagnosis, treatment, and care of a patient is so obviously lacking in reasonable care and the results are so bad that the lack of reasonable care would be apparent to and within the common knowledge and experience of mankind generally." *Hubbard*, 302 P.3d at 1093. The common knowledge exception has "three essential elements":

> (1) the plaintiff has asserted a claim of medical malpractice; (2) the care or result of the care is patently bad; and (3) a person without the pertinent medical knowledge can assess the wrongfulness of the diagnosis, treatment, or care and attribute the plaintiff's injury to the wrongful conduct without the assistance of expert testimony.

*Id.* "Whether or not the common knowledge exception applies to a given set of facts is a question of law." *Id.*

Here, plaintiffs' claims require a jury to decide whether Corizon staff deviated from the standard of care in their medical treatment of Mr. Davis and, if so, whether such a breach caused Mr. Davis's injuries. Those questions are beyond the common knowledge and experience of a lay person. *See Hubbard*, 302 P.3d at 1015–16 (holding that the common knowledge exception didn't apply to medical malpractice case involving the proper procedure for using a medical instrument during surgery because that was "not a matter within the province of the common person; thus, a breach of reasonable care would not be apparent to and within the common knowledge and experience of the average person who has not received any specialized training"); *see also Lanam v. Promise Reg'l Med. Ctr.-Hutchinson, Inc.*, No. 113,430, 2016 WL 105046, at *7–8 (Kan. Ct. App. Jan. 8, 2016) (holding that common knowledge exception didn't apply to medical malpractice claim alleging that nursing assistant failed to examine patient's chart before moving her from hospital because plaintiff's contentions required "expert testimony

. . . to establish the appropriate standard of care for moving a patient with her particular conditions" and her allegations were "not within the common knowledge of persons generally").

Also, the undisputed facts don't resemble the facts in cases where Kansas courts have applied the common knowledge exception, like the "case of a surgeon operating on the wrong limb, or a case where a patient is dropped from a table." *Munoz*, 199 P.3d at 1280 (citing *Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1106 (Kan. Ct. App. 2006)). To the contrary, plaintiffs' contentions here require a jury to consider whether Corizon medical staff breached the standard of care in their treatment of Mr. Davis and whether such a breach caused Mr. Davis to sustain injury. A juror "without the pertinent medical knowledge" simply can't answer that question "without the assistance of expert testimony." *Hubbard*, 302 P.3d at 1093. Thus, the court finds, the common knowledge exception doesn't apply here.

Instead, and as already discussed, Kansas law requires plaintiffs to present expert testimony to meet the burden of proof on their Kansas common law claim. It's undisputed that plaintiffs can't present expert testimony at trial. As a consequence, plaintiffs' Kansas common law claim against Corizon fail as a matter of law because they lack evidence to support an essential element of their claims.

**IV.    Conclusion**

Because plaintiffs cannot present expert testimony to prove their Kansas common law claims, the court grants Corizon's Second Motion for Summary Judgment against plaintiffs' Kansas common law claims. Based on the court's dismissal of these claims—which are the only claims remaining against Corizon—the court dismisses Corizon as a party from this action. This dismissal renders Corizon's Motion for Bifurcated Trial (Doc. 248) and Motion in Limine (Doc. 261) moot, so the court denies both motions.

6

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Corizon, LLC's Second Motion for Summary Judgment (Doc. 277) is granted.  The court directs the Clerk of the Court to terminate defendant Corizon, LLC from the docket as a defendant in this action.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Corizon, LLC's Motion for Bifurcated Trial (Doc. 248) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Corizon, LLC's Motion in Limine (Doc. 261) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 3rd day of June, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
